## BENJAMIN STANTON's Heirs *vs.* CHARLES T. POLLARD.

The 22d rule of the chancery court provides that "no order appointing a guardian *ad litem*, to defend infant defendants, will be made until after the return day of process executed, or until after publication, in case of non-residents, and the day assigned for appearance of non-resident defendants has passed." *Held*, in this case there was no authority for the party who undertook to act as guardian *ad litem*, to assume that character.

The practice has been to appoint a guardian *ad litem*, after process executed personally, if resident in the jurisdiction of the court; or after publication made, if non-resident. *Held*, that an appointment made, of a guardian *ad litem*,

Stanton *v.* Pollard.

without the court has obtained jurisdiction of the person of the infant, is invalid and erroneous.

IN error from the northern district chancery court at Fulton; Hon. Henry Dickinson, vice-chancellor.

The opinion of the court contains a statement of the facts of the case.

*Guion & Baine,* for plaintiffs in error.

*Evans,* on the same side.

*Lindsey,* for defendant in error.

Mr. Justice YERGER delivered the opinion of the court.

The decree in this case must be reversed, and the cause be remanded. An answer, purporting to be filed by a guardian *ad litem,* for the infant heir of Stanton, appears in the record. But there is no order of the court appointing a guardian *ad litem,* nor was the infant heir ever within the jurisdiction of the court, by process executed personally, or publication made. The 22d rule of the chancery court provides that " no order appointing a guardian *ad litem,* to defend infant defendants, will be made, until after the return day of process executed, or until after publication, in case of non-residents, and the day assigned for appearance of non-resident defendants has passed."

There was no authority for the party who undertook to act as guardian *ad litem,* to assume that character, and the decree, under such circumstances, made against the infant is erroneous.

It is true, that at the May term, 1848, an agreement, purporting to be made by counsel, was made, that " complainant should have leave to file an amended bill, making the heirs of B. Stanton, deceased, parties defendants to said bill, when ascertained, and that Jepthah Robbins, the clerk of the court, be appointed guardian *ad litem,* to defend the minors." But this agreement of counsel to the original suit, made before the bill of revivor, making the heirs parties to the suit, was filed, and when the heirs were not even ascertained, and, therefore, unknown to the counsel, is in no way binding or obligatory upon the minors,

whose rights cannot be thus taken away by agreement of counsel, totally unauthorized to act for him.

If there were no rule of court forbidding the appointment of a guardian *ad litem*, before process served, or publication made, against infants, we are satisfied, upon general principles of equity and right, it would not be competent for the court to act upon their rights, until service of process, either actual or constructive, had given the court jurisdiction of their persons. In England, the usual practice in chancery was, not to appoint a guardian *ad litem*, until the infant was brought into the actual presence of the court, in order to ascertain if the infant were of proper age to make a choice, whom he desired to act for him. Coop. Eq. 108, 109; Fonbl. Eq. 237. In case the infant was a nonresident, it was necessary to issue a commission for the appointment. 11 Vesey, 563.

In this country, the practice has been to appoint, after process executed personally, if resident in the jurisdiction of the court, or after publication made, to appear and defend, if a nonresident; and the decisions are, that an appointment made, without the court has obtained jurisdiction of the person of the infant in one or the other of these modes, is invalid and erroneous. 2 Ala. R. 379; 2 J. J. Marsh. 44; 1 McLean, R. 174; 9 Paige, Ch. R. 256, 257.

Decree reversed, and cause remanded for further proceeding.