JAMES D. M'ALLISTER, Appellant, *v.* MOYE and ADAMS et al., Appellees.

1. GUARDIAN AD LITEM.—The Probate Court has no jurisdiction to appoint a *guardian ad litem*, to represent infant defendants, until after service of notice on them, either by citation or publication.

2. SAME.—In a proceeding in the Probate Court, for the sale of the real estate of minors, upon petition of the guardian, it is indispensable that a *guardian ad litem* be appointed to represent their interests, and if no such appointment be legally made, the decree will be void, and a sale thereunder will vest no title in the purchaser.

3. TITLE BOND: VENDOR AND VENDEE.—The condition of title-bond, which binds the obligor to make or cause to be made, a good and sufficient title to the land, "with the usual covenants of warranty," is not complied with by the execution of a deed, with a special warranty against the claim of the grantor and his heirs, and those claiming under them.

4. SAME.—The vendor of land, cannot maintain a bill in equity for a specific performance of the contract, until he has complied, or tendered a compliance with the conditions of his title-bond.

APPEAL from the District Chancery Court at Fulton.    Hon. Henry Dickinson, vice chancellor.

The facts are sufficiently stated in the opinion of the court.

*Locke E. Houston,* for appellants.

1. The title-bond was void, because Mrs. Evans did not privately, separate and apart from her husband, acknowledge it.    She

could not therefore have been compelled to execute a deed. *Frost* v. *Doyle*, 7 S. & M. 68; *James* v. *Fisk*, 9 Ib. 144; *Warren* v. *Brown*, 3 Cushm. 66; *Roberson* v. *Bruner*, 2 Ib. 243, 244; *Self* v. *Howlan*, 1 Ib. 264.

2. The deed from Carlisle does not convey the interest in the lands, of the minor children of Mr. Evans, now deceased. He is the purchaser at the sale made by the guardian of their children. The guardian had no power to sell, because the decree was void. The appointment of the guardian *ad litem*, was made before service of notice on the minors. The court had no power at that time to make the appointment. *Stanton* v. *Pollard*, 2 Cushm. 155; 9 Paige, C. R. 225; 2 Ala. R. 379; 2 J. J. Marshall, Rep. 44; 1 M'Lean, 174. The court could not order the sale, without the appointment of a guardian *ad litem*. In courts of limited jurisdiction, the record must show every thing necessary to confer jurisdiction. 2 How. 444; *Moore* v. *Carson*, Ib. 61; 4 Yerg. 218; 5 Wend. 155; 2 Yerg. 283.

3. If the facts stated in the bill be true, that Mrs. Evans executed her bond with her husband to convey the land, and that such bond was valid, then no interest in the land descended upon her death to her heirs, and the Probate Court had no authority to order the sale. Hutch. Code, 677.

4. That Moye and Adams have no title to the note. It is alleged in the bill, that the note was transferred by Mrs. Evans in her lifetime to Moye and Adams. The answer denies this; and being responsive to the bill, it is evidence. The complainant introduced no proof on this point. Again, Mrs. Evans being a married woman, her contract of transfer and assignment of said note, if really made in her lifetime, was a nullity. The acts of 1839 and 1846, only authorize her to contract in certain cases, and for certain specific purposes; and the bill does not allege or show that these circumstances exist in this case.

5. The covenants to pay the purchase-money, and to convey the title, are mutual; and defendant, M'Allister, was in no default before the suit was brought: no deed was tendered before that time. The deed from Carlisle, was not procured until six months after the suit was brought.

*W. F. Dowd,* for appellees.

1. The possession of a note payable to bearer, is *primâ facie* evidence of a regular transfer, and of ownership in the holder. *Tillman* v. *Ailles,* 3 S. & M. 37 ; *Smith* v. *Prestidge,* 6 Ib. 478.

2. Again, Moye and Adams are not shown to have had notice of any infirmity in the title to the note, as between the antecedent parties, and therefore cannot be affected by it. The holder of negotiable paper before it is due, is not bound to prove that his possession is *bonâ fide,* and for a valuable consideration. The law presumes so much for him, in the absence of proof to the contrary. *Swift* v. *Tyson,* 16 Peters, 15, 16 ; 31 E. C. L. R. 212; 41 Ib. 645; Story, Prom. Notes, § 382. Besides, Mrs. Evans's administrator is a party to the suits, and bound by the decree.

3. The answer denies that the complainants are prepared to make a good title. But there is no allegation of fraud. The vendor is not bound to deduce his title and show it perfect. The vendee must point out the defects in it before it can be relieved. *Ralston* v. *Miller,* 3 Rand.; see also *Harris* v. *Ballou,* 7 How. 171; *Glasscock* v. *Robinson,* 13 S. & M. 87 ; *Heath* v. *Newman,* 11 Ib. 201.

4. The appellants insist, that the title-bond was not valid as to Mrs. Evans, because not acknowledged properly. Concede this, yet it was binding on the husband, and he has a right to insist on a specific performance, and to perfect the title, which he did before the rendition of the decree. He made his own deed, conveying his curtesy, and caused Carlisle to convey the interest of the minors.

5. But the deed to Carlisle is insisted by appellant to be void, because the decree of the Probate Court, directing the sale of the land, was made without a legal appointment of a guardian *ad litem.* The appointment of a guardian *ad litem,* is only necessary in two cases ; first, where the guardian is personally interested ; second, where the guardian of the minors is not a resident of the county. Hutch. Code, 728, § 4. Nor do the acts authorizing the sale of the realty of minors, require such appointment. See Hutch. Code, 508, § 131; Ib. 677, § 1. The general guardian in this case

resided in the county; and although the petitioner was not personally interested, even if a guardian is necessary, the statute, (Hutch. Code, 728, § 21,) provides, that he shall be first appointed, and then cited. It does not provide that the minors shall be made parties at all; and how can he be cited five days before the trial, unless he be first appointed.

HANDY, J., delivered the opinion of the court.

This was a bill filed in the District Chancery Court at Fulton, to enforce a lien for the purchase-money of certain lots of land, under the following circumstances:—

The appellant, the defendant below, purchased the lots of land in question, from Andrew J. Evans, and Frances his wife, paying for the same one thousand dollars in cash, and executing his promissory note for fifteen hundred dollars, payable to Evans and wife, or bearer, on the 1st March, 1852; and Evans and wife executed to him a bond for title, conditioned to make or cause to be made to him, his heirs and assigns, " a good and sufficient title, with the usual covenants of warranty, on the payment of said note." This note was transferred to Moye and Adams, who became the *bonâ fide* holders of it before its maturity. The bill is filed in the name of the administrator of Mrs. Evans, who died before it was filed; Moye and Adams alleging that the note remained unpaid, their readiness to make title according to the bond on the payment of the note, and claiming to have the lots subjected to the lien for the unpaid purchase-money.

The answer denies that Andrew J. Evans had any title to the lots sold except one, and avers that the title to the other lots was in his wife, as her separate property. It also denies that the conplainants have the power to make or cause to be made, a title according to the terms of the bond.

In support of the offer to make title contained in the bill, the complainants filed, before the hearing, a deed from Andrew J. Evans to the appellant, for the lots in question, with general warranty; also a deed for the same from James Carlisle to appellant, with special warranty against the grantor and his heirs; also a deed for one of the lots from Edward J. Arthur to appellant,

with general warranty. It appeared, by a copy of a deed, filed as an exhibit to the answer, that four lots had been conveyed to Mrs. Evans, by her father, in the year 1842, and were her separate property. · And in order to show that the title of her heirs was not outstanding, the complainants offered as proof, a transcript of the record of the Probate Court, on a petition of the guardian of the minor heirs of Mrs. Evans, for the sale of the lots in question, and the proceedings thereupon, under which the lots were decreed to be sold, and were sold by the guardian, and purchased by Carlisle.

On the hearing, the vice chancellor decreed in favor of the complainants, and this appeal was thereupon taken.

Several objections are urged against the propriety of the decree, but we deem it necessary to consider only two of them.

1. It is objected that the decree and proceedings in the probate, did not divest the title of the minor heirs of Mrs. Evans, because no notice, either by personal service of a citation, or by publication, was given to them before the appointment of a guardian *ad litem*, and, therefore, that the decree and sale under it were void. In answer to this, it is insisted that the necessity for the appointment of a guardian *ad litem*, only exists in a court of chancery, and that the rule only applies there; and further, that under the provisions of the fourth section of the act of 1846, Hutch. Code, 728, the general guardian is the proper person to protect the rights of the minor, and a guardian *ad litem* is dispensed with; and that as the general guardian was already a party to the proceeding, being the petitioner, there was a party to the suit competent to represent and protect the minors.

We cannot agree with these positions. In the first place, there is as great a necessity for the appointment of a guardian *ad litem*, to protect the interest of the minor in the Probate Court, as in a court of chancery. Rights of the greatest importance are settled; and no reason is perceived, why the modes of proceeding which have been found necessary to protect the interests of infants, in the latter court, should not be required in the former. And it is the well-established practice in chancery, to give notice to the minor, either by service of process or by publication, and then to

appoint the guardian *ad litem;* and without such notice, either actual or constructive, the court has not jurisdiction, and cannot appoint a guardian *ad litem.* *Stanton* v. *Pollard,* 24 Miss. 154.

In the second place, the statute of 1846 has no application to a case like the one under consideration. The notice to the guardian required by that statute was not and could not be given, because the guardian was already the petitioner; and if cited, it would have been only to answer his own petition. The statute contemplates a proceeding not instituted by a guardian, and the notice to him is in order that he may "appear and defend the rights of the minor;" and it expressly provides that if he be a party personally interested, a guardian *ad litem* shall be appointed. The presumption of law is, that he is interested personally in a manner which may prejudice the rights of the minors, when he institutes a proceeding against them, which may divest their interest in their real estate. And this view appears to have been acted upon in this proceeding; for there was a guardian *ad litem* appointed, though not in such a mode as to clothe him with the character of such guardian.

We do not think, therefore, that the proceedings in the Probate Court divested the title of the minors to the land.

2. But conceding that those proceedings vested a good title in Carlisle, it appears by the record that he did not execute such a deed to the appellant, as he had a right to require under the bond for title executed to him by Evans and wife. That bond was not obligatory on Mrs. Evans or her heirs, because she was a *feme covert* when she executed it. Yet it would have been sufficient if her husband could have performed the condition. That condition was to convey a valid title in fee simple with " the usual covenants of warranty," or to cause the same to be done. These terms import a warranty against all other titles, claims and incumbrances. If the deed of Carlisle had been of that character, there would have been much more ground for claiming that Evans had performed the condition of his bond. But the deed contains only a special warranty *against him and his heirs, and those claiming under them.* By the terms of the title-bond, payment could not be required of the appellant, until Evans should make or cause to be

made such a deed of conveyance to him; and none such having been made or tendered, it follows, that the vendors or those claiming through them, cannot compel the payment of the purchase-money.

The decree is, therefore, reversed, and the bill dismissed.