## BONDURANT *vs.* SIBLEY'S HEIRS AND ADM'R.

[BILL IN EQUITY BY JUDGMENT DEBTOR FOR REDEMPTION OF LANDS.]

1. *Allegation of delivery of possession without suit.*—" Your orator further showeth unto your honor, that at said sale of said lands, C. S., well knowing, as was the fact, that the same were sold as the property of your orator, became the purchaser thereof, at and for the sum of about $900 ; that said S., *immediately thereafter, with the consent of your orator, took possession of the lands aforesaid,* and received from the sheriff a deed therefor in due form,"—held a sufficient averment that the debtor delivered possession to the purchaser without suit.

2. *Remandment of cause on reversal of decree.*—Where the chancellor dismisses a bill, on final hearing, on account of a supposed defective allegation, and his decree is reversed on error, the appellate court will remand the cause (Code, § 3034) without deciding its merits.

APPEAL from the Chancery Court of Perry.

Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by the appellant, to redeem his interest in certain lands, which had been sold under execution against him, and purchased by Charles Sibley, whose heirs-at-law and personal representative were made defendants to the bill. The material facts are stated in the opinion of the court. On final hearing, the chancellor held the allegations of the bill defective, and therefore dismissed it ; and his decree is now assigned as error.

WM. P. CHILTON, for the appellant, cited Daniell's Chancery Practice, vol. 1, p. 421 ; Story's Eq. Pleadings, §§ 240, 253 ; 1 Scammon, 192.

I. W. GARROTT, *contra,* cited Sandford v. Ochtalomi, 23 Ala. 670 ; and Paulling v. Meade, *ib.* 513.

Bondurant v. Sibley's Heirs and Adm'r.

RICE, C. J.—The bill was dismissed by the chancellor, upon the objection, that it did not allege that the debtor had delivered possession to the purchaser at the execution sale, *without suit*. Upon that subject, the allegations of the bill are in the following words : "Your orator further showeth unto your Honor, that at said sale of said lands, Charles Sibley, well knowing, as was the fact, that the same were sold as the property of your orator, became the purchaser thereof, at and for the price and sum of about nine hundred dollars ; that said Sibley, *immediately thereafter, with the consent of your orator, took possession of the lands aforesaid*, and received from the sheriff a deed therefor in due form."

The chancellor decided, that these allegations were not " equivalent to saying that the defendant in execution delivered possession *without suit*," and that in this particular the bill was fatally defective. In our judgment, that decision is indefensible. It is true, the bill must be construed most strongly against the complainant ; yet it must receive a reasonable construction. In construing it, the court is not to forget the meaning of plain words, and by such forgetfulness practically create a forfeiture of the right of redemption given by the statute. " Immediately" means " without the intervention of any other cause or event," " instantly," &c. Now if, in lieu of the word " immediately," where it occurs in the allegation above quoted, we insert its meaning, the allegation would read thus, " that instantly after the sale, without the intervention of any other cause or event, with the consent of the debtor, the purchaser took possession of the lands, and received from the sheriff a deed therefor in due form." A proper regard for the statute, and the words above quoted from the bill, require us to hold, that the substance of the allegation is, that the purchaser obtained possession without delay, without suit, and by the voluntary surrender of the debtor ; and the allegation, being sufficient in substance, is not violated by the fact, that it is couched in words which differ in sound, but not in sense, from those employed in the statute.

In requiring the debtor, if in possession at the time of the sale, to deliver it to the purchaser, it was not intended to arm the purchaser with the power of destroying the debtor's

572 ALABAMA.

Bondurant v. Sibley's Heirs and. Adm'r.

right of redemption, by precipitately and unnecessarily bringing suit for the possession. A suit for possession, commenced by the purchaser, *before the execution of the deed by the sheriff, and before he had taken actual possession,* clearly could not destroy the debtor's right of redemption. In such suit, the purchaser could not recover ; for it is settled, that although the deed might have relation to the time of the sale *for some purposes,* such relation cannot have the effect of sustaining an action commenced before the deed was executed.—Pressnell v. Ramsour, 8 Iredell's Rep. 505 ; Davis v. Evans, 5 *ib.* 529 ; Trotter v. Nelson, 1 Swan's Rep. 7 ; Paris v. Burger, 4 Humph. R. 325 ; O'Donnell v. McMurdie, 6 *ib.* 134 ; Jones v. Inge, 5 Porter, 327 ; Fipps v. McGehee, *ib.* 413 ; Bullock v. Wilson, *ib.* 338.

The chancellor seems to have been misled, by an expression in the opinion in Sandford v. Ochtalomi, 23 Ala. 669. That expression is, that " to entitle the defendant in execution to redeem, this fact [to-wit, that he had delivered possession to the purchaser, without suit] should be distinctly charged in the bill, and must not be left to inference or conjecture." But that expression was qualified by others contained in the same opinion. Thus, it is broadly admitted in that opinion, that " the actual surrender may be excused" ; and it is distinctly asserted, that there was no allegation in that case, " anywhere to be found, from which it appears that the possession of the lot was *changed on or after the sale by the sheriff.*" Beyond doubt, a valid excuse may exist, for not delivering the possession to the purchaser without suit ; and whenever it does exist, and is averred in a bill to redeem, the bill cannot be dismissed, merely for want of an averment that possession was delivered to the purchaser without suit.—Spoor v. Phillips, 27 Ala. 193. The act of the purchaser, which prevents or dispenses with the performance of the condition in his favor, is as effectual in favor of the debtor, as the actual performance of the condition by him.—Young v. Hunter, 2 Selden's Rep. 203.

We have now considered the only question which was considered by the chancellor, in relation to the equity of the bill. He dismissed the bill, simply because he decided that question against the complainant. He did not consider any

other question arising on the face of the bill, nor try the case on the pleadings and proofs. He erred in the point decided against the complainant ; and for that error, we shall reverse his decree, and remand the cause. It is true, we might go on, and try the cause on its merits, because it was submitted to the chancellor for such trial. But we are not bound to do so.—Code, § 3034. And from what appears in this record, we deem it the safer practice to remand all such cases as this. Byrd v. McDaniel, 26 Ala. 582.

As to the proper mode of bringing infant defendants before the court, we decide nothing, but refer to the following cases : Clark v. Gilmer, 28 Ala. 265 ; Frazier v. Pankey, 1 Swan's Rep. 75 ; Stanton v. Pollard, 24 Miss. Rep. 154 ; Walker v. Hallett, 1 Ala. 379 ; Boykin v. Rain, 28 Ala. 332.

Decree reversed, at the costs of the appellees, and cause remanded.