## HENLEY vs. BUSH.

[ACTION FOR BREACH OF SPECIAL CONTRACT.]

1. *Effect of demurrer to plea.*—Under section 2253 of the Code, which requires a specification of the grounds of demurrer, a demurrer to a plea cannot be visited upon the complaint.

2. *Who is proper party plaintiff.*—Section 2129 of the Code does not apply to a written contract, by which defendant acknowledged his receipt of his own note, payable to a third person or order, and promised to return or account for it to the person from whom he received it; but such receipt having been endorsed in blank by the promisee to the payee of the note, and afterwards transferred by delivery by the latter to plaintiff, the legal title vests in the plaintiff by virtue of section 1530 of the Code, and he may maintain an action on the contract in his own name.

3. *Time of performance of contract.*—When no time is specified for the performance of a written contract, by which defendant, acknowledging his receipt of his own note, payable to a third person, promised to return or account for it to the person from whom he received it, the legal presumption is, that the parties intended its performance within a reasonable time; and an action may be maintained for a breach after the lapse of six years.

APPEAL from the Circuit Court of Pickens.

Tried before the Hon. S. D. HALE.

THE amended complaint in this case was as follows:

"Albert T. Henley *vs.* Edmund T. Bush. The plaintiff also claims of the defendant $1000, for the breach of an agreement in writing, entered into by him on the 20th November, 1847, in said county, by which he promised one John Robinson to return to him, or to account for, a note for $468 63, given by him to W. A. Scott, due on the 17th March, 1847; which note said defendant received from said Robinson, on said 20th November, 1847, at the time he made said written agreement; which written agreement the said John Robinson endorsed in blank to said W. A. Scott, who, before the commencement of this suit, delivered the same, with said blank endorsement thereon, to the plaintiff. The breach of said agreement complained of is, that said defendant has never returned said note to said John Robinson, nor

accounted to him for it; nor has he returned said note to said W. A. Scott, or accounted to him for it; nor has he returned said note to said plaintiff, or accounted to him for it."

To the amended complaint the defendant filed a plea, which was sworn to, in these words: "For answer," &c., "the defendant says, that the said agreement in writing, in said amended complaint mentioned, is a receipt, made by said defendant on the 20th November, 1847, by which defendant acknowledged to have received from said Robinson his (defendant's) note for $468 63, due March 17, 1847, payable to William A. Scott or order; by which receipt, defendant agreed to return said note to said Robinson, or to account to him for the same. And said defendant further saith, that before notice that said note had been transferred by said Scott to said Robinson, said Scott was justly indebted to said defendant in the sum of $1000, for so much money paid by the said defendant, before that time, to and for the use of said Scott, and at his request; that when said note was presented to him by said Robinson, to-wit, on the day said receipt bears date, defendant informed said Robinson that he had a set-off against said note, and that said Scott was indebted to him as aforesaid; that said Robinson thereupon delivered said note to him, and received said receipt from him; that afterwards, to-wit, on the —— day of ——, 1848, said Robinson wrote his name across the back of said receipt, and delivered said receipt to said Scott; that thereupon said Scott then and there paid said Robinson, and settled with him for the consideration for which he had before then transferred said note to said Robinson; that afterwards, to-wit, on the —— day of ——, said Scott transferred said receipt to said plaintiff, by delivering the same to him, with the name of said Robinson so written across the back thereof; and said defendant avers, that said Robinson did not assign said receipt to plaintiff, as he in his said complaint doth allege. And said defendant further saith, that he is ready and willing, and hereby offers, to set off against the claim of said plaintiff so much of said sum that said Scott is indebted to him as aforesaid, as

may be necessary to satisfy and discharge said note of defendant in said receipt named; and defendant brings said note here into court, and avers that he is now, and ever has been, ready and willing to account for said note, and was so ready before the action in this behalf was brought."

The plaintiff demurred. to this plea, and assigned the following causes of demurrer: "1st, that said plea does not show a sufficient excuse for the breach complained of in the amended complaint; 2d, that said plea does not present a bar to the action alleged in said amended complaint; 3d, that said plea shows no sufficient excuse for the failure to return or account for the note mentioned in said amended complaint; 4th, that said plea is a plea of set-off to an action sounding in damages merely; and, 5th, that said plea is double, in that it sets up a set-off as a bar, and at the same time denies the assignment of the receipt which is the foundation of the action." On the argument of this demurrer, the court held the amended complaint insufficient, and visited the demurrer upon it; and, on the plaintiff declining to amend, rendered judgment for the defendant.

The errors now assigned are, the overruling of the demurrer to the plea, the visiting of the demurrer to the plea upon the complaint, and the rendition of judgment for the defendant.

TURNER REAVIS, and H. S. SHELTON, for appellant.—The complaint conforms substantially to the form given on page 553 of the Code, and is sufficient. See, also, section 2227. It was not necessary to allege a request of the defendant to return or account for the note. The contract imposed on him the duty of returning or accounting for the note, within a reasonable time, of his own accord. 2 Parsons on Contracts, 173; Adams v. Adams, 26 Ala. 272; Calvert v. Marlow, 18 Ala. 67; 1 Chitty's Pleadings, 329–30, and notes; 1 Saunders' Pl. and Ev. 130–31. But, if it were necessary to allege a request, the omission to do so could only be taken advantage of by special demurrer, (1 Chitty's Pleadings, 331;) and the court will not

Henley v. Bush.

extend a demurrer to a plea to such a defect in the complaint.—1 Chitty's Pleadings, 668 a, top.

The receipt was assignable, both under the act of 1828, and under the Code; and having been endorsed by the obligee in blank, and delivered by a subsequent holder to the plaintiff, the latter had a right to sue upon it in his own name.—Clay's Digest, 383, § 12; Code, § 1530.

But, if the complaint were never so defective, the defects could not be reached in this indirect way. The defendant himself should have demurred, and assigned causes.—Code, §§ 2253, 2405.

The plea is bad, for the reasons assigned in the demurrer.—Morrow v. Campbell, 7 Porter, 41; 1 Chitty's Pleadings, 338, mar.; 2 Parsons on Contracts, 492-3; Code, § 2240; Brown v. Chambers, 12 Ala. 698; George v. Cahaba, &c., 8 Ala. 234; Cole v. Justice, 8 Ala. 793; 1 Chitty's Pleadings, 532, mar.

E. W. PECK, contra.—1. The complaint is bad, because it does not aver a sufficient breach of the agreement. The defendant was a mere bailee of the note, and was bound by his contract to return it to Robinson, not within a reasonable time, but on request, or demand; and it was therefore necessary, in seeking to charge him for a breach, to aver a refusal to return the note on demand.—Story on Contracts, § 974; Bach v. Owen, 5 T. R. 216; 1 Chitty's Pleadings, 330, 668, note; 28 Ala. 618; Story on Bailments, §§ 41, 107.

2. The complaint is defective for the additional reason, that it shows no cause of action in the plaintiff. The action should have been brought in the name of Scott, for the use of the plaintiff. The contract declared on, not being "for the payment of money," does not fall within section 2129 of the Code; nor can the action be sustained under section 1530, because the complaint does not allege an endorsement to the plaintiff.

8. The complaint being bad, the demurrer to the plea was properly visited on it. The established rule of pleading, which requires a demurrer to be visited on the first substantial fault in pleading, is not abrogated or

affected by any provision of the Code. Section 2253 of the Code only confines the party demurring to the objections specified in his demurrer, but does not in any manner affect the other rule, which imposed the duty on the court, *ex mero motu*, of giving judgment on the demurrer against the party who was guilty of the first substantial defect. If the complaint is substantially defective, the defendant may either demur, move in arrest of judgment, or assign error. No injury is caused to the plaintiff by allowing the demurrer to extend back to the complaint, nor is he deprived of the opportunity to amend.

4. The plea presented a good defense to the action. The defendant had a good set-off before the note was transferred to Robinson; and giving the receipt, under the circumstances, did not deprive him of it.

A. J. WALKER, C. J.—The court below erred in visiting the plaintiff's demurrer to the defendant's plea upon the complaint. Until the Code was adopted, it was "an established rule, that upon the argument of a demurrer, the court would, notwithstanding the defect in the pleading demurred to, give judgment against the party whose pleading was first defective in substance.—1 Chitty on Pl. 668. That rule is abolished in this State by section 2253 of the Code, which is in the following words : "No demurrer in pleading can be allowed, but to matter of substance, which the party demurring specifies; and no objection can be taken or allowed, which is not distinctly stated in the demurrer." An analysis of this law discloses, that a demurrer can only be *for matter of substance;* that the matter of substance must be *specified in the demurrer by the party demurring;* and that no objection can be taken or allowed without a distinct statement of it, which must be in the demurrer. If the court carries the plaintiff's demurrer to the plea back upon his own complaint, the statute will be violated. The defendant would have the benefit of a demurrer, when he was not the party demurring, and when he did not specify any matter of substance, as to which the complaint was defective ; and an objection would be taken and allowed, which was

not distinctly stated in a demurrer.  Everything prohibited by the statute would be done.

We have in the Code not merely an abolition of general demurrers, and a substitution of special demurrers ; but we have, in addition thereto, an express prohibition of the making or allowing of any objection not stated in the demurrer.  This prohibition was useless, if nothing more than the adoption of special demurrers was intended. That is accomplished by the first clause of the section quoted.  Not stopping with the mere requisition of special demurrers, the law has prescribed a special demurrer as the mode of making objections for substantial  defects in pleadings.  It would be difficult to find anything more appropriate for the operation of this superadded mandate of the law, than the rule of making a party's demurrer the occasion of defeating his own pleading.

The object of the legislature was to prevent surprise, and to protect parties from injury in consequence of errors in pleading not made known until the time for amendment had passed.  If a demurrer to the plea can be visited upon the complaint, judgments may be affirmed and reversed in this court, on account of deficiencies in the complaint, which may never have been detected by the counsel on either side, until the cause was examined on appeal, when it would ·be too late to amend.  It seems clear, therefore, that the visitation of demurrers upon the pleadings, antecedent to that in terms objected to, is within the mischief intended to be remedied, and therefore within the spirit of the law.  A visitation of a demurrer upon antecedent pleadings, can only have the effect of a general demurrer. Cook v. Graham, 3 Cranch, 265.  The privilege and benefits of a general demurrer cannot be conceded to a party since the Code, without a violation of its spirit. See Johnson v. Stebbins, 5 Ind. R. 364.

The judgment of the court below must be reversed, for the error in  visiting  the demurrer to the plea upon the complaint.  Nevertheless, we shall decide upon the sufficiency of the complaint, for the question will probably

be raised in the proper manner by the defendant, when the case returns to the circuit court.

[2.] The complaint is upon a written promise by the defendant to return or account for a certain note to one Robinson. Robinson endorsed the writing, "in blank, to W. A. Scott," who delivered it without any new endorsement to the plaintiff. Can the plaintiff maintain a suit upon the written contract in his own name? He cannot sue, because he is the party really interested, upon an equitable title; for he sues upon a contract for the performance of one or the other of two acts, and not on "a promissory note, bond, or other contract, express or implied, for the payment of money."—Code, § 2129. If, then, the plaintiff can maintain the suit in his name, it is because he has the legal title. According to the common law, he has no legal right, for it did not permit the transfer of the legal title to choses in action such as that sued upon. But the argument for the appellant is, that he has the legal title by virtue of section 1530 of the Code. That section does establish the assignability of the instrument described in the complaint, and it also prescribes endorsement as the mode of assignment. The plaintiff received the writing by delivery, not by an endorsement directly to him. But it is said, that the blank endorsement was a transfer by endorsement to any subsequent holder of the instrument; that the subsequent holder had a right to fill up the blank endorsement with his name, and that therefore the blank endorsement may be treated as an endorsement to him. Such, we think, is the law. Agee & Agee v. Matlock, 25 Ala. 281; Story on Bills, § 207; Chitty on Bills, 255. A delivery of the instrument to the plaintiff was, *prima facie*, an authority to him to act as the endorsee, and to fill up the blank endorsement with his name.

[3.] We are also of the opinion, that after the lapse of a reasonable time for the return or accounting for the note mentioned in the instrument sued upon, the plaintiff had a right of action; and that in this case, such reasonable time did elapse before the commencement of the suit.—Garnett v. Yoe, 17 Ala. 74; Skinner v. Bedell's

Adm'r, 32 Ala. 44. We hold that the amended complaint was sufficient.

The foregoing opinion covers all the questions passed upon in the court below. For that reason, and because the same questions now presented by the other pleading may not again arise, we forbear to decide any of the other questions argued the counsel.—Sibley v. Bondurant, 29 Ala. 570; Byrd v. McDaniel, 26 Ala. 582.

The judgment of the court below is reversed, and the cause remanded.