## PHILLIPS vs. SELLERS.

[ASSUMPSIT.]

1. *Action on assigned contracts, not payable in money; in whose name the suit must be brought.*—Under section 1838 of the Revised Code, the assignee, by endorsement of a contract for the performance of any act or duty, may bring suit in his own name; but when not endorsed, the action must be brought in the name of the person having the legal title. (§ 2523, Revised Code.)

2. *Same.*—Where the assignee, without endorsement of such a contract, brings his action in his own name, instead of the name of the person having the legal title, which would be fatal on demurrer, and the defendant fails to demur, and goes to trial on the general issue, he will not be permitted to avail himself of this defense, and the plaintiff can make out the case, made by the complaint, without proving an endorsement of the contract.

APPEAL from the Circut Court of Bullock.
Tried before Hon. H. D. CLAYTON.

THIS suit was brought by the appellee against the appellant, on the 27th day of March, 1867. The following is a copy of the complaint: "The plaintiff claims of the defendant $— damages, for the breach of an agreement entered into by him, on the 11th day of October, A. D., 1865, by which he agreed to deliver to N. W. Long, or bearer, seven hundred and twenty-nine pounds of lint cotton, packed in one or two bales, said agreement, in words and figures as follows, to-wit: 'October the 11th, 1865. By the 1st day of December, 1866, I promise to deliver to N. W. Long, or bearer, seven hundred and twenty-nine pounds of good lint cotton, packed in one or two bales, at Union Springs, Alabama, in good order.

(Signed,)       ISAM PHILLIPS.'

All of which he failed to do, to the damage of plaintiff, as above claimed, said agreement being at the time of maturity, and now, the property of plaintiff, of which ownership the defendant was informed, at and before the maurity thereof." The defendant pleaded the general issue. On the trial, the plaintiff offered to introduce the instrument declared on, a copy of which is above set forth in the complaint; the defendant objected to its introduction as evidence, on the grounds that said instrument did not appear to have been assigned by endorsement in writing by the obligor, N. W. Long, and because the plaintiff did not show that said instrument was assigned to him, or any one else, by endorsement in writing from said N. W. Long. The court overruled the objection, and defendant excepted. The plaintiff then read said instrument in evidence, and proved that the cotton described in the instrument was worth, on said 25th day of December, 1866, at Union Springs, the place of delivery, twenty-four cents per pound. This being all the evidence, the court charged the jury, that if they believed the evidence, the plaintiff was entitled to recover, to which the defendant excepted, and asked the court to charge the jury, that if they believe the evidence, they must find for the defendant, which charge the court refused to give, and the defendant excepted. The defendant appealed, and assigned the following errors: The court erred, 1st. In permitting the writing to be read to the

jury. 2d. In giving the charge, that if the jury believed the evidence, they must find for the plaintiff. 3d. In refusing to charge the jury, if they believe the evidence they must find for the defendant.

F. M. WOOD, for appellant.—1. At common-law the assignee or transferee could not maintain an action in his own name for the recovery of a chose in action. The suit had always to be brought in the name of the obligee, for the use of the real owner.

2. The statute, (Code, § 2523,) so far changes the common-law, as to authorize the action to be brought in the name of the party really interested in suits on contracts *for the payment of money*, whether assigned or endorsed in writing or simply transferred by delivery.—*Henly v. Bush*, 33 Ala. 636. The contract sued on in this case, is not a contract for *the payment of money*, and can not therefore fall within the meaning of section 2523 of the Code.—*Henly v. Bush*, 33 Ala. 636.

3. The common-law rule that actions for the recovery of *choses in action* must be instituted in the name of the obligee, is further changed by section 1838 of the Code, in so far as to permit actions on contracts in writing, such as bonds, &c., for the payment of money, or for the performance of any act or duty, to be maintained in the name of the endorsee; provided such contract in writing has been assigned by endorsement in writing. The contract sued on, was an obligation to deliver cotton at a specified date; in other words, an agreement to perform an act or duty, and in the absence of a written transfer or endorsement, the plaintiff in the court below, not being the obligee, can not maintain his suit.—*Perry v. Merchants' Insurance Company*, 25 Ala. 355; *Glassell v. Mason*, 32 Ala. 719; *Henly v. Bush*, 33 Ala. 636.

4. The suit which should have been brought, belongs to that class of cases falling within the exception specified in the latter part of section 2523 of the Code, the effect of which is to leave the rights of action of the character of the one sued on as they were at common-law.

5. The court erred in permitting the writing offered by

the plaintiff below, to be read to the jury in the absence of a written assignment or endorsement, as it had no tendency to show any right of action in the plaintiff below, and was therefore wholly irrelevant and illegal.

6. The case should be reversed, because the complaint does not show a substantial cause of action.

BYRD, J.—Action, assumpsit—plea, general issue.    The Code, (§ 1838,) authorizes an assignee, by endorsement of a contract for the performance of any act or duty, to bring. an action thereon, (*Henly v. Bush*, 33 Ala. 636) ; but when not endorsed, it requires the action to be brought "in the name of the person having the legal title."—§ 2523.    In this case, the complaint does not aver an endorsement of the contract by the payee to the plaintiff ; for we do not think that the averment, "said agreement being at the time of maturity, and now the property of plaintiff," is equivalent to an averment, that it was assigned by endorsement to the plaintiff ; though such an averment of the ownership of an instrument payable *in money*, has been held to be good in a complaint, for the reason that by section 2523 of the Code, " the party really interested" therein is authorized to sue.    A demurrer, therefore, would have been sustained if interposed on this ground, under the authority of the cases of *Skinner v. Bedell's Adm'r*, 32 Ala. 44 ; *Henly v. Bush, supra*.

But when the defendant fails to demur, and goes to trial on the general issue, can he avail himself on the trial of this defence?    We think not.    Having taken issue on the complaint, and there being no averment of an endorsement, the plaintiff can make out the case made by the complaint without proving an endorsement of the contract, and the court below, therefore, did not err in overruling the objection of defendant to the introduction of the instrument sued upon, on the grounds stated in the bill of exceptions.— *Walker v. Mobile Insurance Co.*, 31 Ala. 529 ; *Harris v. Plant & Co.*, 31 Ala. 639.

And for the same reasons, the court did not err in the charge given, and in the refusal to give the one asked, so

far as any ground of error is insisted on in the brief of counsel.—*Howard v. Coleman*, 36 Ala. 721.

The judgment, being upon verdict, and without any objection to the complaint in the court below, comes within the saving influence of section 2811 of the Code; and it would also be sustained on common-law principles.

Affirmed.