## J. A. P. KENNEDY VS. SUSAN GAINES et al.

1. PROBATE COURT: *Citation to minors. Sale of real estate.*
   Where a guardian joins in the petition with others for the sale of his ward's real estate, under the act of 1854 (H. C., p. 667, sec. 102), it is essential to the validity of the sale that the minors should be made parties, and brought into court by citation duly served upon them. The appearance of the guardian in court will not give the court jurisdiction of the person of the minor.

2. SAME: *Decree. Recitals.*
   The recitals in a decree of the probate court for the sale of the real estate belonging to minors, that the court was " satisfied that all persons interested herein have been duly notified of this petition," is not sufficient. It is no evidence of the issuance and service of notice, and fails to show that the court had any jurisdiction of the parties.

ERROR to the Circuit Court of *Calhoun* County.

Hon. W. D. BRADFORD, Judge.

At the December term, 1855, of the probate court of Calhoun county, defendants in error filed their petition for sale of lands (except widow's dower, which had already been set off) belonging to the estate of Alexander Armstrong, deceased, father of said de-

fendants, for the purpose of distribution.    Decree for sale of said lands, embracing those in controversy, was rendered at said December term, and commissioners appointed to make the sale. The sale was made January 21, 1856, the lands in controversy being bought thereat by one A. G. Hellums, deed to the same was made to Hellums by the commissioners, and acknowledged on February 11, 1856.    The sale was reported and confirmed at the July term, 1856.    On the 2d day of October, 1871, defendants in error brought an action of ejectment for the lands sold to Hellums, against R. F. Kennedy et al.    At the March term, 1874, J. A. P. Kennedy being admitted to defend as landlord of some and vendor of other defendants, the cause was tried.    The jury found for the plaintiffs, now defendants in error; from that judgment, this writ of error is prosecuted.

The following is assigned for error:  " The court below erred in excluding from the jury, as evidence for plaintiff in error, the probate record offered by him for the purpose of showing title in himself to the lands in controversy."

*Lamar & Mays*, for plaintiff in error :

The records of the probate court under which the land in controversy was sold show that the proceeding was under Hutchinson's Code, 665, 667.    The case of Smith *v.* Craig was a construction of § 48, act of June 10, 1822, and § 14, act of December 25, 1833.    How. & Hutch., 353, 471. , The jurisdiction over orphans' business by act of November 26, 1821, and March 2, 1833.    Two statutes, unless repugnant, shall both stand.    Planters Bank *v.* State, 6 S. & M., 628 ; Com'l Bank *v.* Chambers, 8 id., 9 ; Richards *v.* Patterson, 1 George, 583 ; McAfee *v.* Southern R. R., 7 id., 669.    In the argument of counsel to the objection that no citations were issued, he gives two answers and cites many authorities, that the confirmation of sale was made, without citation to the heirs, five or six months after the order of sale was rendered and the sale made, and that therefore the sale is void. There are two answers to this.    See cases cited : Smith *v.* Denson, 2 S. & M., 326 ; Hoel *v.* Coursery, 4 Cushm., 511 ; Cowden *v.* Do-

byns, 5 S. & M., 82 ; H. & H. Dig., § 77, p. 408 ; Hutch. Code, §§ 101, 102, p. 667 ; Lessee Stall *v.* Macalister, 9 Ohio, 19 ; Smith *v.* Arnold, 5 Mass., 420 ; Wolfe *v.* Sharp, 10 Rich. (S. C.), 60 ; Harrington *v.* Wofford, 46 Miss., 31 ; Hargus *v.* Bowen, id., 72 ; Code of 1857, p. 464.

*Martin & Bates,* for defendants in error :

Jurisdiction must be shown affirmatively by the record. Root *v.* McFerrin, 37 Miss., 17–42 ; Sullivan *v.* Blackwell, 28 id., 737–40 ; Dogan *v.* Brown, 45 id., 235–41. The sale was void, and conveys no title to the purchaser. Wildy *v.* Bonney, 28 Miss., 710–14 ; Learned *v.* Matthews, 40 id., 210–13 ; Hutch. Code, 670, § 712. Under Hutchinson's Code, 667, administrators could only make sale of lands upon proper showing of the necessity, and after the court had obtained jurisdiction. In the case at bar, the minors were not served with notice. Dogan *v.* Brown, 44 Miss., 235–40 ; Bank of Pt. Gibson *v.* Baugh, 9 S. & M., 290 ; Bartlett *v.* Sutherland, 24 Miss., 395 ; Noel *v.* Harvey, 29 id., 72. The sale could not be legally made without notice. Hutch. Code, 667 ; Acts 1854, p. 68 ; art. XV, § 1, p. 679, Hutch. Code, and sheet acts of 1854, p. 68, are equally imperative in their requirements of notice to all parties interested, before an order of sale can be made.

TARBELL, J., delivered the opinion of the court.

Ejectment for lands described in the record. The plaintiffs in the action are the heirs of Alexander Armstrong, deceased. The defendant in the action offered in evidence certain proceedings in the probate court, showing a sale of the lands in controversy, under a decree of that court, and their purchase by one A. G. Hellums, from whom defendant deraigned title. This evidence was objected to on the ground : 1st. That the probate court had no jurisdiction of the subject matter. 2d. That no citations appeared to have been served on the Armstrong heirs. 3d. That only two of the three commissioners joined in the report of the sale on which the confirmation was made. 4th. That confirmation was made with-

out citation, at a term of the court subsequent to the term succeeding the one next after the sale. These objections were sustained and the evidence excluded as evidence of title in defendant. The jury found for plaintiffs. Hence, a writ of error.

It is claimed here, that "the court below erred in excluding from the jury as evidence of title in appellant the probate record offered by him for the purpose of showing title in himself to the lands in controversy."

The probate record referred to presents these facts : The demise of Alexander Armstrong, who died seized of the lands involved; the appointment, by the probate court, of J. H. Thetford, to be guardian of certain of the heirs of the deceased ; the appointment of R. D. Petrie to be guardian of certain other heirs of deceased ; the petition of Jasper N. Armstrong, an adult heir of deceased; R. D. Petrie, guardian of his wards, named, and Jas. H. Thetford, guardian of his wards, named, heirs of said deceased, entitled against John W. Wells, administrator of the estate of the deceased, addressed to the judge of probate, setting forth the lands of the deceased, that the petitioners were entitled to distribution of his estate, and that " owing to the situation of the lands above described, it would be manifestly for the interest of the several distributees to sell the same, and in order to insure a more equal distribution," therefore, the prayer is, that the administrator be compelled to sell " the lands described in the petition."

This petition was presented to the court in December, 1855. On the 11th of that month the decree of sale was rendered. This recites, the petitioners, describes the lands and orders them to be sold by the two guardians and the adult heir, their copetitioner, the proceeds to be by them distributed to those entitled. The decree recites, that " the court being satisfied that all persons interested herein have been duly notified of this petition, and no objection having been made or appearing to said sale," it is ordered, as before, and also, that the commissioners " report all of their proceedings in this behalf‧ unto this court."

The report of sale was made by Petrie and Thetford, and is

sworn to in open court, July 14, 1856.    The sale took place, January 21, 1856, and was confirmed by the court, July 15, 1856. A. G. Hellums became the purchaser on the sale, and the three commissioners joined in the conveyance to him.    He conveyed his title, August 30, 1856, to the defendant in this action.

For the just disposition of this case, it is believed to be necessary to determine two points, to wit:

1. Citations were necessary for the Armstrong heirs in the probate court.    See Laws of 1854, ch. 2, sec. 13, p. 68; Hutch., p. 667, sec. 102.

The language of the statute of 1854, by which the proceeding in this case is to be tested, is plain and positive, that process shall issue, and that all those interested shall be summoned when a petition for the sale of lands shall be presented in a probate court " by any heir, executor, administrator, guardian or other person interested, under any statute now in force."

Could language be stronger or plainer?    In this case the petition is by the guardians of the minors and one adult heir.    In such case, the statute says, citations shall issue.    It is no answer for the omission of process to say, the heirs had notice, or that they appeared in the proceeding without process, for minors can waive no right.    The adoption of the view of this matter contended for would seem to be dangerous to the rights of minors. M'Allister v. Moye, 30 Miss., 258, is considered conclusive of the point under consideration, if any precedent is needed for the practice under so clear a statute as the above.    The lands in this case descended to the ten children and heirs of deceased.    Title vested in these heirs, respectively, to the extent of the share of each.    The petition for sale was by one adult heir, and by two guardians, who represented different, though all, the other heirs. In such case, the statute quoted required citations and service in the mode directed in that statute.

2. The recital in the final decree is not sufficient to sustain the action of the court.    The recital is that the court was " satisfied that all persons interested herein have been duly notified of this

petition." This, of itself, is not evidence of the issuance and service of citations, nor of the service or execution of process. The language of this recital is wholly different from the language in the cases cited. And those cases are distinguishable from this or these facts or circumstances. On its face, this recital only implies notice or knowledge of the petition on the part of those interested, not issuance and service of process. Looking at the entire probate record, it is clear that the probate court was of the opinion that the heirs were in court in the persons of their guardians, and hence, that citations were not necessary. And this is the theory of counsel. The fact is manifest from the records and arguments of counsel that citations were not issued. This is fatal. In the consideration of this case, the adjudications cited by counsel, and many others, have been consulted. See 26 Miss., 520; 38 id., 420; 43 id., 569; 44 id., 226, 235, 296; 42 id., 155, 255; 47 id., 565; and Geo. Dig., pp. 366, 416, 417, 638, for other cases. Also, 9 S. & M., 290, 613; 31 Miss., 578; 45 id., 30; 38 id., 100; 24 id., 395, 504; 28 id., 710; 40 id., 210.

This decision is not necessarily in conflict with the authorities cited, as each may be sustained upon its own facts and the particular statutes involved.

Two other points of some practical importance, in cases resting on statutes prior to 1857, are made in this case :

1. That the sale of the lands involved was not reported to and confirmed by the court at its term next succeeding the sale.

2. That the sale was made by commissioners, the authority for which in probate courts is denied.

Without discussing these points, judgment is affirmed on the prior grounds reviewed. Laws of 1854, p. 68, sec. 13 ; 30 Miss., 258.