# Flexner & Lichten *v.* Dickerson.

*Action by Assignee, on Written Contract for Payment of Cotton etc., as Rent.*

1. *Assignment of contract; when assignee may sue.*—The assignee of a contract which is assignable (Code, § 2099), and which has been assigned to him by indorsement, may sue in his own name ; and each successive assignee by indorsement may sue in his own name ; and when there is an indorsement in blank, by one having the legal title, any subsequent holder may fill it up, and maintain an action in his own name.

APPEAL from the Circuit Court of Butler.
Tried before the Hon. JOHN K. HENRY.

GAMBLE & BOLLING, for the appellants.

P. O. HARPER, *contra.*

STONE, J.—The complaint, as finally amended, reads as follows : " The plaintiffs claim of the defendants two hundred and fifty dollars damages, for the breach of an agreement entered into by them on the fifth day of January, A. D. 1878, by which they promised in words and figures as follows : ' On the first day of October, 1878, we promise to pay to Sarah Dickerson one bale cotton, 400 ℔s, and one hundred and fifty bushs. corn, to be delivered in Greenville, or at some save [safe] house at the plantation, the same being for rent; also, the seed out of the above cotton. Greenville, January 5th, 1878.' (Signed) '*Tom and Preston Dickerson.*' Attest : *A. Lehman.*' And plaintiffs aver, that the above contract is, and was their property before the maturity thereof, and was duly and legally transferred in writing to them, for a valuable consideration, and that the same is still due and unpaid ; and plaintiffs aver that the defendants, or either of them, nor any one for them, though often requested thereto, has ever paid said contract, or any part thereof. Wherefore, &c. And plaintiffs further aver, that the contract declared on, and set out in this complaint, was dully and legally transferred in writing, together with the liens incident thereto as a rent note, or contract, by Sarah Dickerson to A. Lehman, for a valuable consideration, on the 18th day of January, 1878 ; and plaintiffs further aver that the said A. Lehman, for a valuable consideration, transferred the said note,

or contract in writings, as a rent note, to Kohn, Lowenstein & Co., on the 25th day of February, 1878; and plaintiffs further aver that Kohn, Lowenstein & Co. transferred the said note, as a rent note, to plaintiffs in writing; and plaintiffs [aver?] the said rent note, so transferred in writing as aforesaid, was transferred by each of the transferrees herein named in writing, together with all the rights and liens incident thereto as a rent note or contract, and that defendants have not paid the same, or any part thereof; nor have they, or either of them, delivered the cotton, corn, or cotton-seed, or any part thereof, to plaintiffs, or to any of their transferrees [transferrors?] herein named, but that the same is due and unpaid; wherefore plaintiffs claim," &c. (Signed by counsel.)

The Circuit Court sustained a demurrer to this complaint, and there was judgment for defendants; and this ruling is now assigned as error.

There is an awkwardness in the averment of the transfer from Lehman to Kohn, Lowenstein & Co. It is difficult to determine whether the pleader intended to aver that the note or contract was transferred in writing, or whether the contract which was transferred was itself in writing. A later clause cures this. Its language is: "The said rent note, so transferred in writing as aforesaid, was transferred by each of the transferrees herein named in writing." A. Lehman is one of the transferrees named in the complaint, and unless he transferred in writing, the averment of the complaint last above copied is not true. On demurrer, we are bound to consider as true everything that is well pleaded.

Ever since the Code of 1852 was adopted, " All bonds, contracts, and writings for the payment of money, or other thing, or the performance of any act or duty, are assignable by indorsement, so far as to authorize an action thereon by each successive indorsee."—Code of 1852, § 1530; Rev. Code, § 1838; Code of 1876, § 2099. Under this section, it has been ruled, that where there have been more transfers than one, there must be a succession of indorsements to transfer the legal title and right to sue; but, where there is a blank indorsement by one having the legal title, any subsequent holder may fill up the indorsement, and sue in his own name. *Skinner v. Bedell*, 32 Ala. 44; *Henley v. Bush*, 33 Ala. 636; *Phillips v. Sellers*, 42 Ala. 658.

It is contended for appellee that the statute requires the transfer to be indorsed, and this complaint only avers that the note or contract was transferred in writing. If there is any thing in this objection, it is healed by sections 3470, 3471, 3472 of the Code of 1876.

Reversed and remanded.