# East Tenn., Va. & Ga. Railroad Co. v. Deaver.

*Action against Railroad Company, for Injuries to Sheep.*

1. *Statutory liability of railroad company, for injuries to cattle; burden of proof.*—Under statutory provisions (Code, §§ 1699, 1700), the failure of a railroad engineer to comply with statutory requirements is negligence *per se*, and renders the railroad company liable for all damages resulting from such failure; and in an action to recover damages for cattle killed or injured, the *onus* is on the railroad company to prove a compliance with all statutory requirements.

2. *Statutory duty of engineer at public road crossing.*—A railroad engineer is required to "blow the whistle, *or* ring the bell, at least one-fourth of a mile before reaching any public road crossing, . . and continue to blow such whistle, *or* ring such bell, at intervals, until he passes such road crossing" (Code, § 1699); but, while a charge is erroneous which makes it his duty to blow the whistle, omitting the alternative (as to ringing the bell), the error is without injury to the defendant, when it appears that the bell was not rung at any time.

3. *Same; speed of train, by statute, and at common law.*—The engineer is also required, "before entering any curve crossed by a public road on a cut, where he can not see at least one-fourth of a mile ahead," to

[East Tenn., Va. & Ga. Railroad Co. v. Deaver.]

reduce the speed of his train, and "approach and pass such crossing in such cut at such moderate speed as to prevent accident in the event of an obstruction at the crossing" (Code, § 1699); but the statute only applies to such crossings as are particularly described, and leaves his duty at other crossings to be determined by the common law.

4. *Same.*—In cases not governed by statutory regulations, the rate of speed at which a train of cars may approach and pass a public road crossing is not governed by any fixed and definite rule, but is somewhat dependent on the locality and the attendant circumstances; and a charge is erroneous which makes it the duty of the engineer, on approaching a crossing, to diminish the speed of his train, without regard to the attendant circumstances.

5. *Diligence required in case of obstructions on road.*—An engineer is also required, "on perceiving any obstruction on the track of the road," to "use all means within his power, known to skillful engineers, in order to stop the train;" but this duty is not absolute, and does not require that the peril of passengers shall be increased, when the obstruction is not perceived until too late to stop the train with safety; though there may have been antecedent negligence, and consequent liability incurred, by the failure to keep a proper lookout, whereby the obstruction might have been sooner discovered.

6. *Charge on part of evidence.*—When witnesses are examined by both parties, and testify to material facts, all the facts and circumstances should be submitted to the jury; and a charge which selects one witness, gives his testimony undue prominence, and indicates to the jury that they may look to it alone, is properly refused.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. H. C. SPEAKE.

This action was brought by Francis M. Deaver, against the appellant, a foreign corporation operating the Memphis and Charleston railroad under a lease, to recover damages on account of injuries to a flock of sheep belonging to plaintiff, about fifteen of which were killed, and ten more seriously injured, by a train of the defendant's cars; and was commenced on the 1st August, 1883. The defendant pleaded the general issue, with leave to give in evidence any matter that would be good if specially pleaded; and the cause was tried on issue joined on that plea. The bill of exceptions purports to set out all the evidence, but it is not necessary to state it at length. The accident occurred about day-break, on the morning of May 8th, 1883, when the defendant's train was running, as the engineer testified, on schedule time, at the rate of about twenty-five miles per hour; and at a public road crossing. Near this crossing, on the south side of the railroad, there was a large pond, at which the sheep were in the habit of drinking. They also were in the habit of grazing along the railroad, which was uninclosed on each side, and along the public road, which was uninclosed on the west side. One Willingham, a "section-boss" of the defendant's road, who was examined as a witness for the defendant, testified: "The railroad curves beyond said public road, and there is a cut about four hundred yards west of it; and the engineer, from about two hundred and fifty

yards this side, could see an obstruction on the track at the public road crossing." Thomas Kincella, the engineer in charge of the train, was also examined as a witness for the defendant, and thus testified: "I blew the whistle for the crossing at the regular place where the whistling post is, between five and six hundred yards from the crossing, and where I am required by the rules of the company to blow it. The signal was two long, and two short whistles. After giving the signals, I did not blow the whistle, nor ring the bell, at intervals, nor at all again, until I gave the cattle-alarm; and this I gave when I discovered that a sheep had approached, and gotten on the track about forty yards ahead. The cut is four hundred yards from the crossing, and you can see the crossing at least three hundred yards from the cut. When I first saw the sheep, I was about eighty yards from them, and they were down by the pond grazing, about thirty or forty feet from the track. I saw one of them approach the track, and I was about forty yards from him as he got on it. I sounded the cattle-alarm, and they run up immediately, right on the track, some of them knocking themselves against the side of the engine, and some of them being carried forward on the pilot of the engine beyond the crossing. At the speed the train was then running, I could not have stopped it, by the use of all the appliances at my command, which were of the best description, in less than two hundred yards. I did not have time to do more than give the cattle-alarm, before the engine was on them. It was impossible to use any means to avert the accident."

The court gave the following (with other) charges to the jury, to each of which the defendant excepted: (1.) "The statute requires that a railroad engineer, when he approaches a public road which crosses the railroad, and when within not less than one-fourth of a mile of such crossing, must blow the whistle, and must continue to blow the whistle, or ring the bell, at intervals, until the train passes such crossing; and his failure to do this is such negligence as is condemned by the statute." (2.) "When the engineer perceives an object on the track, he must reverse the engine, apply the brakes, and do every thing known to skillful engineers to prevent the striking of the object; and the failure on his part to do all these things, is declared by the statute to be negligence." (3.) "When a railroad train is approaching a public crossing, it is the duty of the engineer, or other person in charge thereof, not only to give the warnings of the approach of the train, but the speed of the train must be slackened, so that it would be more manageable, and collisions with persons or property crossing the track may be more easily avoided; and if he fails to do this, he is guilty

[East Tenn., Va. & Ga. Railroad Co. v. Deaver.]

of negligence, and liable for injuries to property resulting therefrom."

The defendant requested the following charges to the jury: (1.) "If the jury believe the evidence, they must find for the defendant." (2.) "If the jury believe the evidence of the engineer to be true, they are bound to render a verdict in favor of the defendant." (3.) "The engineer in this case not having been impeached, the presumption is that he has sworn the truth; and if the jury find that his evidence is true, they must return a verdict for the defendant." The court refused each of these charges, and the defendant excepted to their refusal.

The charges given, and the refusal of the charges asked, with other matters, are now assigned as error.

HUMES, GORDON & SHEFFEY, for appellant.

JAMES JACKSON, contra.

CLOPTON, J.—By section 1699 of the Code, it is mandatory upon the engineer, or other person having the control of the running of a locomotive on any railroad in this State, to blow the whistle, or ring the bell, at least one-fourth of a mile before reaching any public road-crossing, and to continue to blow the whistle, or ring the bell, at intervals, until the cross-. ing is passed. By section 1700, the company is made liable for all damages done to stock or other property resulting from a failure to comply with the statutory requirements, or from any negligence on the part of such company or its agents. When any stock is killed or injured by the locomotive or cars of any railroad, the burden is on the company to show that the requirements of the statute were complied with. The omission to do the specified acts, at the specified times and places, constitutes, by virtue of the statute, negligence *per se*, and renders the company liable for all damages resulting from a failure to comply with the statutory requirements; the statute creating the presumption, that any damages sustained is in consequence of such failure, and casting on the company the burden of disproof.—*McAlpine v. Ala. G. So. R. R. Co.*, at present term.

The charge of the court, relating to these duties, instructed the jury, that it was the duty of the engineer to *blow the whistle* at not less than one-fourth of a mile from the crossing, and to continue to blow the whistle, or ring the bell, at intervals, until the crossing is passed. In this there is error. The engineer complies with the statutory duty, if he either blows the whistle or *rings the bell*, and continues to do so at intervals, until he passes the crossing. The error, however, being with-

out injury, will not work a reversal; as it appears that the engineer did not ring the bell at any time.

The statute does not profess to regulate the rate of speed, at which a train shall be run when approaching a crossing, not in a town or city, except in one case. The engineer is required to blow the whistle, or ring the bell, before entering any curve crossed by a public road on a cut, when he can not see at least one fourth of a mile ahead, and to approach such crossing in such cut at such moderate rate of speed as to prevent accident in the event of an obstruction at the crossing. In *Mo. & Mont. Railway Co. v. Blakely, supra,* speaking of this provision of the statute, it is said : " To come within this clause, there must be a *curve crossed* by a *public road* on a *cut,* so that the *crossing,* and any *obstruction* upon it, can not be seen a *fourth of a mile ahead.*" It appears from the record that the public crossing in question does not cross a curve on a cut. Therefore, the statutory regulation is inapplicable. Whether the charge of the court, in respect to the rate of speed at which a train must approach a public crossing, *not across a curve,* asserts a correct legal proposition, must be determined by other than statutory rules.—*East Tenn., Va. & Ga. R. R. Co. v. Bayliss,* 77 Ala. 429.

In *M. & C. R. R. Co. v. Lyon,* 62 Ala. 71, it is stated as a general rule, that due care is not observed, when a train is running at such speed, that it can not be stopped within the limit at which the engineer can plainly see upon a *straight* track an obstruction thereon, which is reasonably discoverable. In that case, the obstruction was a mule, situated in a culvert, so that it could not be seen until the locomotive was within thirty yards of it; and the train could not be stopped in less than forty yards. It was held, that the circuit judge erred in declaring, as matter of law, that it was negligence to run a train at a speed from which the engineer could not bring it to a stand-still, within the distance at which he could, under the circumstances, see the mule. Neither the statute, nor the common law, has undertaken to lay down any fixed or definite rule applicable to all public crossings. The current of authority is, that no rate of speed, reasonably necessary to accomplish the purpose of rapid transportation of freight and passengers, and to make the usual and regular connections, amounts to negligence *per se;* due care and caution for the safety of the passengers and freight transported being observed.—*Telfer v. Northern R. R. Co.,* 1 Vroom, 188 ; *Maher v. At. & Pr. R. R. Co.,* 64 Mo. 267 ; *Grows v. Maine Cent. R. R. Co.,* 67 Me. 100 ; *McConkey v. Chi., B. & Q. R. R. Co.,* 40 Iowa, 205 ; *Chi., B. & Q. R. R. Co. v. Lee,* 68 Ill. 576 ;

Shear. & Red. Neg. § 478; *Han. & St. Jos. R. R. Co. v. Young*, 19 Am. & Eng. R. R. Cas., 512.

But the rate of speed may become negligence by co-operation of attendant circumstances, and the locality of the crossing. What would be the observance of due care and caution on approaching and passing a public crossing in the open country, would not be such when running through the streets of a town or village, or in passing thoroughfares of frequent travel.—*R. & C. R. R. Co. v. Ritchie*, 19 Am. & Eng. R. R. Cas., 267; *L., Cin. & Lex. R. R. Co. v. Gooty*, 14 Am. & Eng. R. R. Cas., 627. Subject to these, and similar limitations and restrictions, and to statutory regulations, the company may determine, the schedule rate at which its trains may be run. The statute (Code, § 1801) confers on incorporated town and cities the power to restrict the running of trains through the limits thereof to a rate of speed not exceeding four miles per hour; and, as we have said, the statute makes it the legal duty of the engineer to run at such moderate speed as to prevent accident, where a public road crosses a curve on a cut. As to other public crossings, the legislature deemed the statutory cautionary signals sufficient to insure the safety of passing persons and animals. The court erred in instructing the jury, that it was the legal duty of the engineer to diminish the speed of the train, irrespective of the circumstances, and the character of the locality.

In *East Tenn., Va. & Ga. R. R. Co. v. Bayliss*, 75 Ala. 466, and 77 Ala. 429, we had occasion to consider the construction of the clause of the statute, which requires the engineer, on perceiving any obstruction on the track, to use all means within his power, known to skillful engineers,—such as the application of the brakes and reversal of the engine,—to stop the train. We held that, if without fault of the employees, a danger is not, and can not be discovered by due watchfulness, until the use of all appliances known to skillful engineers is clearly powerless to avert the injury by stopping the train, the failure to use such means imposes no liability. The statutory duty does not arise, unless and until an obstruction on the road is discovered, though the employees may be at fault and guilty of negligence in not sooner discovering the obstruction. In such case, the company is not liable for the failure in endeavoring to stop the train; but for the negligence which lies back in not discovering the danger in time, if it could have been reasonably done. If the testimony of the engineer be believed, who is the only witness who testifies to the acts at the time of the injury, the train could not have been stopped or checked, when the obstruction was first discovered, so as to prevent the injury. The charge of the court, in respect to this subject,

withdrew the credibility of the witness, and the facts testified to by him, from the consideration of the jury. The legal effect of the charge, when referred to the evidence, is to instruct the jury, that it was the duty of the engineer, on discovering that a sheep had got on the track about forty yards ahead of the train, to apply the brakes, reverse the engine, and use all means known to skillful engineers to stop the train, though it may clearly have been an attempt of the impossible; and though the peril of the passengers on the train might thereby be increased. Instructions should be framed in reference to the evidence, and should state the law applicable to every aspect or theory of the case, reasonably presented by the proof, if the evidence relating thereto is believed.— *Woodward v. State*, 69 Ala. 242. The consideration of the jury should have been directed to the inquiries, whether the injury could have been averted by the performance of the statutory duties, on discovering the obstruction; and if not, whether, by reasonable diligence and look-out, the sheep could have been discovered in time to have avoided the accident. Neither of these subjects of inquiry was submitted to the consideration of the jury.

The court did not err in refusing the charges requested by the defendant. It appearing that the engineer did not blow the whistle, nor ring the bell, at intervals, until the crossing was passed, and there being no evidence offered by the defendant, showing that the sheep could not have been discovered in time to have averted the accident by the use of proper diligence, the court could not have properly given the affirmative charge in favor of the defendant. And where witnesses are examined on behalf of both parties, a charge is improper, which selects one witness, and gives his testimony undue prominence, by indicating to the jury that they may look to his evidence, disconnected from the other evidence, and find a verdict thereon. The facts testified to by the witness may be hypothetically stated, and the jury instructed what should be their verdict, if from the whole evidence they find such to be the facts. All the facts and circumstances, which there is evidence tending to show, should be submitted to the consideration of the jury.—*Jordan v. Pickett*, 78 Ala. 331.

If it were conceded, that the refusal of the court to permit the defendant to prove by the witness Newsum that he purchased sheep from Johnson in 1882, and the prices at which he purchased them, is erroneous, the error is without injury; inasmuch as the witness testified, that he did not know whether Johnson owned any sheep in 1882, and that he had not bought any from him in several years.

Reversed and remanded.