# B. F. Roden Grocery Co. *v.* Leslie

*Assumpsit.*

(Decided Nov. 24, 1910.  53 South. 815.)

1. *Bankruptcy; Discharge; Plea of.*—A defendant's plea of discharge in bankruptcy need not aver that the plaintiff's debt was scheduled; for if it was not that was matter for special replication to plea.

2. *Same; Evidence.*—Where the action was upon a note or claim which the defendant maintained had been discharged in bankruptcy it was competent to identify the note or claim sued on as one scheduled, and also to show by evidence that although the schedule described the creditor as B. F. R. & Co., the creditor was, in fact, the B. F. R. Grocery Co.

3. *Charge of Court; Weight of Evidence.*—A charge asserting that the jury should give greater weight to the testimony of one who testified certainly to a transaction than to that of a witness who testified vaguely, uncertainly and indefinitely, is properly refused as being a charge on the weight of evidence.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Assumpsit by B. F. Roden Grocery Company against J. T. Leslie. Judgment for defendant, and plaintiff appeals. Affirmed.

The pleas set up that the debt sued on was contracted prior to the 28th day of November, 1902, and that on that date the defendant filed his petition in bankruptcy in the District Court of the United States for the Middle District of Alabama, sitting at Montgomery, praying to be adjudged a bankrupt under the acts of Congress, and that on February 3, 1903, he was duly discharged from all debts and claims which existed on or prior to November 28, 1902, excepting such debts as are by law exempted from the operation of a discharge in bankruptcy, and the defendant says that the debt sued on was and is not such debt as is excepted from the operation of such discharge. The second plea contains the same allegation and sets out in addition the discharge in haec verba.

The demurrers raise the point that the plea does not aver such a state of facts as to show that the proceedings are regular and the discharge actually entered; that it does not show that the court was a court of competent jurisdiction to adjudge the defendant a bankrupt; that it fails to allege that plaintiff had notice of the proceedings in bankruptcy, or that plaintiff had notice that the debt had been scheduled.

The plaintiff assigned as errors the following questions asked of defendant by his counsel: "In 1902, did you owe the B. F. Roden Grocery Company, or B. F. Roden & Co., any other indebtedness except this note?" And, "Was that note the one scheduled here for $118 in your claim?" And, "Was this note referred to in your schedule?"

The following charge was refused to the plaintiff: "(3) I charge you, gentlemen of the jury, you, in

weighing the testimony of this case, are to give greater weight to the testimony of a witness who testifies certainly to the transaction or conversations than you do to a witness who testifies vaguely, uncertainly, and indefinitely to the same transactions or conversations."

JOHN A. DARDEN, for appellant. A plea of discharge in bankruptcy should allege the order of court adjudging the bankrupt.—Collier on Bankruptcy, 250; 5 Cyc. 2; Bankruptcy Act, Sec. 18g. The court erred in sustaining demurrer raising the question that the plea did not show that the claim was scheduled.—Collier on Bankruptcy 119; 5 Cyc. 229; Bankruptcy Act, Sec. 7. Counsel discuss other assignments of error, but without citation of authority.

FELIX L. SMITH, for appellee. No brief came to the Reporter.

DOWDELL, C. J.—The pleas to which demurrers were interposed sufficiently set up the discharge of the defendant in bankruptcy, and hence are not subject to the demurrer on that ground. It was not necessary to the sufficiency of the pleas that they aver that the plaintiff's debt was scheduled. The failure to schedule the plaintiff's debt was matter for special replication to the plea setting up the discharge in bankruptcy. There was no error in overruling the demurrers.

It was competent to identify the claim or note sued on as being the one scheduled in the proceedings in bankruptcy. It was likewise permissible to show in evidence that, although the schedule described B. F. Roden & Co. as the creditor, and the owner and payee of the note, in fact it was the B. F. Roden Grocery Company. Such misdescription is always open to explanation.

The third replication averred, among other things, a subsequent promise by the debtor. On this there was a conflict in the evidence. The insistence in argument that the general charge should have been given for the plaintiff as requested, for the reason that the third replication was proven without conflict, is unsupported by the record.

The written charge numbered 3 invaded the province of the jury, and was therefore properly refused. What weight shall be given to the testimony of witnesses is a question for the jury.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.

ANDERSON, SAYRE, and EVANS, JJ., concur.