(77 South. 80)

TENNESSEE, A. & G. R. CO. v. GAVIN.
(7 Div. 460.)

(Court of Appeals of Alabama. Nov. 13, 1917.)

1. ACTION ⬤➡45(1)—MISJOINDER OF CAUSES.

While it is not permissible to join several distinct causes of action in the same count, a complaint containing several counts, and stating different causes of action in each of several counts, is not demurrable as for a misjoinder of causes of action or "misjoinder of actions."

2. PLEADING ☜64(2)—DUPLICITY.

A count charging that on three different dates, naming them, the agents of defendant railroad acting within the line and scope of their authority, did negligently run its train of cars over and kill plaintiff's fox dogs, is bad for uniting in one and the same count three distinct causes of action.

3. PLEADING ☜201 — FORM OF DEMURRER — MISJOINDER—"DISTINCTLY STATED."

The objection that a count in a complaint contains three distinct causes of action is not, as required by Code 1907, § 5340, "distinctly stated," in a demurrer a ground of which is "for that the said complaint shows a misjoinder of actions," although the demurrer is "to the complaint and each count thereof."

4. APPEAL AND ERROR ☜525(1) — BILL OF EXCEPTIONS—INSTRUCTIONS.

Where neither the oral charge of the court nor the refused charges are set out in the record, in accordance with Acts 1915, p. 815, and appear only in the bill of exceptions, assignments of error, predicated on exceptions to the oral charge and the refusal of special charges, will not be considered.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Action by Jud Cavin against the Tennessee, Alabama & Georgia Railway Company for damages for killing dogs. Judgment for plaintiff, and defendant appeals. Affirmed.

The first count charges that on February 8 and 15, 1915, and on March 4, 1915, and on each of said dates, the agents or servants of defendant acting within the line and scope of their authority, did negligently run its said train of cars over and kill plaintiff's said fox dogs, on said dates above set out. The other counts declare for the killing of one dog for each date mentioned therein.

Hugh M. Reed, of Center, for appellant. R. F. Conner and C. B. Sims, both of Center, for appellee.

BROWN, P. J. [1] While it is not permissible to join several distinct causes of action in the same count (Louisville & Nashville R. R. Co. v. Cofer, 110 Ala. 491, 18 South. 110; Southern Ry. Co. v. McIntyre, 152 Ala. 223, 44 South. 624), a complaint containing several counts and stating different causes of action in each of several counts is not demurrable as for a misjoinder of causes of action or "misjoinder of actions."

[2, 3] While the first count of the complaint is subject to the vice of uniting in one and the same count three distinct causes of action, the objection is not "distinctly stated" in the demurrers, the fifth ground of which is "for that the said complaint shows a misjoinder of actions," Code 1907, § 5340; Henley v. Bush, 33 Ala. 636. And this is none the less true when we consider that the demurrer is "to the complaint and each count thereof." The stated grounds of demurrer to the complaint were properly overruled.

[4] The other assignments of error are predicated on exceptions to the oral charge of court and the refusal of special charges. Neither the oral charge of the court nor the refused charges are set out in the record, and only appear in the bill of exceptions, and will not be considered. Carter v. State, 76 South. 468; Acts 1915, p. 815; Dempsey v. State, 15 Ala. App. 199, 72 South. 773.

No error appearing in the record, the judgment is affirmed.

Affirmed.