(77 South. 969)

## CHEWNING v. KNIGHT. (7 Div. 474.)

(Court of Appeals of Alabama. Feb. 5, 1918.)

1. BANKRUPTCY ☜431 — DISCHARGE OF BANKRUPT—EFFECT AS TO SURETIES.

The sureties on an appeal bond can be proceeded against, though the judgment against the principal was barred by his discharge in bankruptcy, unless the discharge was successfully pleaded in the suit between the obligee and the principal in which the bond was given.

2. PLEADING ☜205(5)—DEMURRER — REQUISITES AND SUFFICIENCY.

In action against surety on appeal bond, who set up discharge of the principal in bankruptcy, demurrer to a plea of the discharge, failing to point out the defect that such plea failed specifically to allege that the discharge had been successfully pleaded in the principal suit was insufficient in view of Code 1907, § 5340, providing that no objection may be allowed which is not distinctly stated in the demurrer.

3. PLEADING ☜210 — "SPEAKING DEMURRER"—DEFECTS.

Grounds of demurrer setting up facts not apparent on the face of the plea demurred to were bad as speaking demurrers.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Speaking Demurrer.]

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

4. BANKRUPTCY ☞435 — PLEADING DIS-
CHARGE.
In action against surety on appeal bond,
who set up discharge of the principal in bank-
ruptcy, demurrer to a plea of discharge failing
to point out the defect that such plea is bad
because it does not appear that the plaintiff
was ever a party to the bankruptcy proceed-
ings, or presented his claim therein is not well
taken, since such matter was properly the sub-
ject for a special plea.

Appeal from Circuit Court, Randolph Coun-
ty; S. L. Brewer, Judge.

W. Y. Chewning, doing business in the
name and style of the Chewning Grocery
Company, sued W. H. Knight. From a judg-
ment for defendant, plaintiff appeals. Af-
firmed.

The action was upon a bond given by Wyatt
Bass, W. H. Knight, and another in an ap-
peal taken by Wyatt Bass from a judgment
rendered against him in favor of Chewning,
doing business, etc., in the justice court of
M. H. Radney, the breach of which is alleged
to be the failure to prosecute the appeal to
effect, and to pay the costs and damages in-
cident thereto. Defendant set up failure to
sue the other obligors, and failing to show a
reason for not so suing. The third plea is
that defendant says that the principal of said
bond, the said Wyatt Bass, was discharged in
bankruptcy from the demands here sued upon
before the cause was finally determined in the
circuit court where said cause was pending.

Stell Blake, of Roanoke, for appellant.
R. J. Hooten, of Roanoke, for appellee.

BROWN, P. J. [1] The fact of the dis-
charge in bankruptcy of the principal obligor
on the appeal bond was not in and of itself a
bar to this action, unless the discharge was
successfully pleaded in the suit between Bass
and Chewning in which the bond was given,
thereby preventing the recovery of a personal
judgment against Bass in the successful
prosecution of his appeal. Young & Co. v.
Howe et al., 150 Ala. 157, 43 South. 488.

[2, 3] While the defendant's plea 3 does not
show by its averments that the discharge was
successfully pleaded in the action in which
the bond was given, and was demurrable for
that reason, this defect was not pointed out
by the demurrer. Code 1907, § 5340; Henley
v. Bush, 33 Ala. 636; Tenn., Ala. & Ga. R. R.
Co. v. Cavin, 77 South. 80.[1] The first and sec-
ond grounds of demurrer set up facts not ap-
parent on the face of the plea, and were
"speaking demurrers," and for that reason
were bad. Glenn v. City of Prattville, 14 Ala.
App. 621, 71 South. 75; Huss v. Central R.
R. Co., 66 Ala. 472; Sanders v. Wallace, 114
Ala. 263, 21 South. 947; First Nat. Bank v.
Leland, 122 Ala. 289, 25 South. 195.

[4] The third ground of demurrer, "because
it does not appear that the plaintiff was ever
made a party to the bankruptcy proceedings,
or presented his claim therein," was not well

taken. Roden Grocery Co. v. Leslie, 169 Ala.
579, 53 South. 815.

On the principle first above stated, it is not
essential to a good plea of discharge in bank-
ruptcy in a case of this character that it show
a defense personal to the surety. If the dis-
charge was successfully pleaded by the bank-
rupt in the action in which the bond was given
so as to prevent a personal judgment against
the bankrupt, the sureties on the bond would
not be liable, because of a successful prose-
cution of the appeal by the principal obligor.
Young v. Howe, supra. For this reason, the
fourth ground of demurrer was not well
taken.

No error appearing in the record, the ques-
tion of the necessity for a bill of exceptions
to show injury from error is not presented.
Wilson v. Owens Horse & Mule Co., 14 Ala.
App. 467, 70 South. 956.

Affirmed.