(82 South. 36)

## CENTRAL OF GEORGIA RY. CO. v. FAUST. (7 Div. 550.)

(Court of Appeals of Alabama. April 22, 1919. On Rehearing, June 3, 1919.)

1. APPEAL AND ERROR ⊜⟾1040(11)—REVIEW—HARMLESS ERROR.

Overruling of demurrer to counts was harmless, where court gave charge eliminating issues presented by such counts from further consideration.

2. APPEAL AND ERROR ⊜⟾1078(3) — RULING ON DEMURRER—WAIVER OF GENERAL ASSIGNMENTS.

Where appellant, after assigning generally the action of court in overruling demurrers to counts as error, made specific assignments, predicated upon the court's ruling on certain grounds, and in argument urged consideration merely of grounds upon which specific assignments of error were predicated, he waived general assignments, and court will not examine them.

3. PLEADING ⊜⟾205(1)—GENERAL DEMURRER.

Under Code 1907, § 5340, providing that no objection may be allowed which is not distinctly stated in the demurrer, court did not err in overruling general demurrers.

4. RAILROADS ⊜⟾316(2) — SPEED ON APPROACHING CROSSING—NEGLIGENCE.

Enginemen may be negligent in approaching crossing at such a rate of speed that train could not be stopped in time to avoid injury to traveler at crossing, though crossing is not within Code 1907, § 5473, as to rate of speed in approaching crossing on curve where engineer cannot see one fourth of mile ahead.

5. RAILROADS ⊜⟾350(11)—NEGLIGENCE—JURY QUESTION—SPEED AT CROSSING.

Whether trainmen were negligent in approaching public crossing at a high rate of speed was for the jury, regardless of question of whether, under the evidence, the statutory signals were given.

6. RAILROADS ⊜⟾338—CROSSING ACCIDENT—LAST CLEAR CHANCE DOCTRINE.

Where undisputed evidence showed that train with obstructed view of crossing was going at such a rate of speed that it could not be stopped before it reached crossing upon which automobile had stopped, last clear chance doctrine was inapplicable.

7. RAILROADS ⊜⟾346(5)—CROSSING ACCIDENT—ACTION FOR DAMAGES—BURDEN OF PROOF.

Railroad, sued for injuries at crossing, has burden of proving contributory negligence, and that it proximately contributed to injury.

8. RAILROADS ⊜⟾327(1)—CROSSING ACCIDENT—CONTRIBUTORY NEGLIGENCE—STOP, LOOK, LISTEN.

Traveler who crosses railroad crossing without either stopping, looking, or listening cannot recover for injuries resulting from simple, initial negligence of trainmen.

9. RAILROADS ⊜⟾350(31) — CROSSING ACCIDENT — CONTROL OF AUTOMOBILE — JURY QUESTION.

Whether the stopping of automobile upon track at crossing was due to driver's loss of control of car and confusion as to appliances held a question for the jury.

10. RAILROADS ⊜⟾335(5) — CROSSING ACCIDENT—CONFUSION OF DRIVER OF AUTOMOBILE—REMOTE CAUSE.

Where crossing collision between train and automobile was caused by the stopping of automobile upon track as result of driver's confusion and loss of control of automobile, and except therefor automobile would have cleared track before arrival of train, the driver's attempt to cross tracks was the remote and not the proximate cause of the injury.

11. RAILROADS ⊜⟾328(1) — CROSSINGS — OBSTRUCTED VIEW OF TRACKS—RIGHTS OF AUTOMOBILE DRIVER.

Automobile driver approaching crossing has the right to proceed to point where he has view of tracks if he is not imperiled thereby.

12. RAILROADS ⊜⟾334—CROSSING ACCIDENT —INJURY TO AUTOMOBILE DRIVER—CONTRIBUTORY NEGLIGENCE.

Where automobile driver, approaching crossing with obstructed view of track, proceeded toward crossing until he obtained view of track, where, because of proximity of train approaching at high rate of speed without having given statutory signals of approach, he lost presence of mind, became confused, and lost control of car, and was thereby placed in position of peril, railroad cannot defeat liability for resulting injury on ground of contributory negligence.

13. RAILROADS ⊜⟾350(32) — CROSSING ACCIDENT—FAILURE TO STOP AUTOMOBILE—CONTRIBUTING PROXIMATE CAUSE—JURY QUESTION.

Whether automobile driver's failure to stop automobile before it reached track proximately contributed to his injury by collision with train was for the jury.

14. NEW TRIAL ⊜⟾70—SUFFICIENCY OF EVIDENCE.

Where there was evidence which if believed authorized conclusion reached by jury in their verdict, motion for new trial was properly overruled.

## On Rehearing.

15. RAILROADS ⊜⟾346(6)—INJURY TO AUTOMOBILE DRIVER—FAILURE TO STOP, LOOK, AND LISTEN—BURDEN OF PROOF.

Railroad being sued for injuries to automobilist at crossing, and interposing defense of contributory negligence, in that automobilist did not stop, look, and listen before going upon tracks, has burden of showing that automobilist voluntarily drove car upon track, or attempted to cross track.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

---

⊜⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by W. E. Faust against the Central of Georgia Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Barnes & Walker, of Opelika, for appellant.

Hooton & Vann, of Roanoke, for appellee.

BROWN, P. J. [1] The court, at the request of the defendant, gave the affirmative charge in its favor as to count 7 and also instructed the jury, in writing, that if they believed the evidence in the case they could not find the defendant guilty of wantonness. These charges eliminate from further consideration the issues as presented by counts 6, 7 and 10; and, if the demurrers to these counts were improperly overruled, the ruling of the court was without injury to the defendant. This left in the case the simple negligence counts. The sufficiency of counts 1 and 4 are not questioned by any of the assignments of error.

[2] As to the eighth and ninth counts, the appellant, after assigning generally the action of the court in overruling the demurrers to these counts as error, made specific assignments predicated on the court's ruling on grounds 1, 6, 7, 8, and 9 of the demurrer filed August 8, 1917, and ground 6 of the demurrer filed August 26, 1917. In argument the appellant only urges consideration by the court of these grounds of demurrer upon which the specific assignments of error are predicated. This, of course, was a waiver of the general assignments, and the court will not examine these. L. & N. R. R. Co. v. Holland, 173 Ala. 675, 55 South. 100.

[3] The grounds of demurrer above referred to, and upon which the specific assignments of error are predicated, in so far as they relate to counts 8 and 9, are manifestly general demurrers, and the court will not be put in error for overruling them. Code 1907, § 5340; Alabama Power Co. v. Holmes, 80 South. 736;[1] Henley v. Bush, 33 Ala. 642; Chewning v. Knight, 16 Ala. App. 357, 77 South. 969; Denson v. Caddell, 201 Ala. 194, 77 South. 720.

[4] Though it be conceded that the railroad crossing here involved is not within the statute which imposes on the engineer in charge of a locomotive approaching a public road crossing on a curve "where he cannot see at least one-fourth of a mile ahead" the duty of approaching and passing such crossing at such speed as to prevent accident in the event of an obstruction on the crossing (Code 1907, § 5473), it does not follow as a matter of law that the defendant's enginemen were not guilty of negligence in approaching the crossing at such high rate of speed that the speed could not be checked or the train stopped in time to avoid injury to a traveler in the exercise of his right to cross over the defendant's tracks at such crossing. "The current of authority is that no rate of speed, reasonably necessary to accomplish the purposes of rapid transportation of freight and passengers, and to make the usual and regular connection, amounts to negligence per se. * * * The rate of speed may become negligence by co-operation of attendant circumstances, and the locality of the crossing." E. T., V. & Ga. R. R. Co. v. Deaver, 79 Ala. 220, 221. What would constitute the observance of due care and caution on approaching a crossing in open country where the enginemen had an unobstructed view of the crossing and the approach of the public road thereto might be negligence in approaching a crossing, where both the railroad and the public highway approached the crossing through a high cut for a considerable distance, and where the view of the trainmen is confined to the narrow space covered by the railroad tracks, and where the view of the traveler along the public highway is likewise obstructed.

[5] Regardless of the question as to whether the statutory signals were given under the evidence in this case, the question as to whether the defendant's servants were guilty of negligence in approaching the public crossing at a high rate of speed was a question for the jury.

[6] The undisputed evidence showing that the train was going at such a rate of speed that it could not be stopped before it reached the crossing where the automobile had come upon the track and stopped, there is therefore no room for the application of "the last clear chance doctrine," negligence after the discovery of peril, announced in many of our cases. L. & N. R. R. Co. v. Calvert, Adm'r, 172 Ala. 597, 55 South. 812.

[7] This leaves but two questions in the case: (1) Whether the defendant was guilty of simple negligence proximately causing the injury of which plaintiff complains, and under the evidence this was a question for the jury; and (2) whether the plaintiff was guilty of negligence which proximately contributed to the injury as pleaded in the defendant's special plea of contributory negligence, setting up "that it was the duty of the plaintiff to stop, look, and listen before going upon or attempting to cross the defendant's said track, and the defendant avers that the plaintiff did not stop and look and listen before going upon or attempting to cross said track, and the defendant avers that the negligence of the plaintiff in this regard contributed proximately to produce the injuries complained of." There is no contention in argument and no support in evidence that the plaintiff stopped the automobile before reaching the railroad track, and the undisputed evidence shows that it did not stop until the front wheels had passed over the first rail. These facts were testified to by the plaintiff himself. In a recent case the Supreme Court, speaking by Anderson, C. J., reversing this court for not applying

17 ALA.APP.—7    [1] 16 Ala. App. 633.

ing the doctrine that it was the duty of a traveler to stop, look, and listen before going upon a railroad track, under the facts in that case said:

"It is well settled by a long line of decisions by this court that a person attempting to cross a railroad track on which cars and locomotives are liable to be moving must stop, look in both directions, and listen before going on the track. * * *

"This duty is absolute at any railroad crossing, whether in a city or the country, or whether the track crossed be the main line or a side track, and regardless of the frequency of passing trains, and, if a failure to discharge this duty was the proximate cause of injury, the traveler cannot recover as for simple initial negligence on the part of the railroad. Of course, we have held in a few cases, not that it was not the traveler's duty to stop and to look and listen, but that he might be excused from this duty when he could not have performed same because of his inability to do so, for instance, where his team was running away, but when he can do so it is his absolute duty to observe this salutary rule of self-preservation, regardless of the time or place of crossing or of the schedule or infrequency of passing trains." A. C. L. R. R. Co. v. Jones, 202 Ala. 222, 80 South. 44.

[8] The issue presented by the defendant's special plea involves the affirmation of two facts essential to this defense, with the burden of proof resting on the defendant: (1) That the plaintiff failed to stop, or that he failed to look, or that he failed to listen, the failure to do either being sufficient to bar his right to recover damages resulting from simple, initial negligence on the part of the defendant if the other fact is present; and (2) that the failure of the plaintiff to stop, or look, or listen, proximately contributed—i. e., without the chain of causation being interrupted by some efficient intervening cause—to the injury of which the plaintiff complains. C. of Ga. R. R. Co. v. Hyatt, 151 Ala. 355, 43 South. 867; Thompson v. Duncan, 76 Ala. 334.

There are two phases of the evidence which required the submission of this issue to the jury. There is no evidence that the plaintiff failed to look for approaching trains as soon as the course of his vision was unobstructed, and there is no evidence that he failed to listen, but the undisputed evidence shows that he failed to stop. The evidence also shows that both the railroad tracks and the public highway approached this crossing through a deep cut; that the trainmen could not see the automobile approaching the tracks until it was within from 10 to 15 feet of the tracks, and that the driver of the car could not see the approaching train until the automobile was within 10 feet of the track; that besides the embankment forming the cut through which the public highway approached the crossing the view from the public highway was obstructed by the

defendant's "box car depot," located in the cut near the crossing. There was evidence tending to show that if the plaintiff had proceeded in his course across the railroad tracks without attempting to stop the automobile, he had sufficient time to pass over and clear this crossing before the train reached that point. In this connection it was shown that after the automobile ran upon the tracks and stopped the four occupants had time to disembark therefrom before the train reached the crossing. There was also evidence tending to show that the plaintiff had been accustomed to driving a Ford automobile; that he had recently purchased the car in question, an Overland, and that as plaintiff was approaching the track at the rate of from five to seven miles per hour, and before he reached the point where his view of the track was unobstructed, one of the occupants of the car remarked that the way was clear, or that there was no train coming, and about this time the automobile had reached the point where the plaintiff could see the approaching train, and that he then looked both ways, and on his discovery of the approaching train he did not proceed across the track as he might have done with safety; that the approaching train and its proximity to the crossing caused him to lose presence of mind, and he became confused as to the use of the appliances for the control and operation of the car, and in attempting to stop the car or reverse it he used the wrong appliance, with the result that he lost control of the automobile, and the motor was "choked", or "killed," and before he could regain control the front wheels of the automobile passed over the first rail and the automobile came to a dead stop.

[9, 10] If this phase of the evidence illustrated the true state of facts—and this was for the jury—the chain of causation arising from the failure of the plaintiff to stop the automobile before attempting to go on the track was broken, and this became the remote and not the proximate cause contributing to produce the injury. C. of Ga. R. R. Co. v. Hyatt, supra; Southern Ry. Co. v. Jones, 143 Ala. 334, 39 South. 118; Montgomery Gaslight Co. v. Eufaula Railway Co., 86 Ala. 376, 5 South. 735; 10 Ency. Dig. of Ala. Repts. (Michie), p. 582, § 38.

[11] From the evidence it is manifest that if the plaintiff had stopped short of where he was when he looked and discovered the train, he would not have been in position to look up and down the track because of the intervening obstructions to his view. Therefore he had a right, and it was his duty, to proceed to this point where he could see, if thereby he was not imperiled. C. of Ga. R. R. Co. v. Barnett, 151 Ala. 407, 44 South. 392.

[12] If when he got to this point he lost presence of mind because of the proximity of

the train and the high rate of speed at which it was approaching the crossing without giving the statutory signals of its approach—as the jury had a right to find—and by reason of this fact and the attendant circumstances he lost control of the car and was thereby put in a position of peril by reason of the defendant's negligence, another familiar principle of law is applicable to the case, i. e., "where by the negligence of the employer, or those for whom he is responsible, the plaintiff has been suddenly placed in a position of extreme peril, and thereupon does an act which under the circumstances known to him he might reasonably think proper, but which those who have a knowledge of all the facts, and time to consider them, are able to see was not in fact the best, the employer cannot insist that under the circumstances the plaintiff has been guilty of negligence. 'Perfect presence of mind, accurate judgment, and promptitude under all circumstances are not to be expected. * * * You have no right to expect men to be something more than ordinary men.'" Woodward Iron Co. v. Andrews, 114 Ala. 243, 259, 21 South. 440, 444.

[13] We reiterate it was open for the jury to find under the evidence that the defendant's trainmen approached the crossing involved in this case, which was located in a village and in a deep cut, at a high rate of speed, without giving the signals required by statute and that if such signals had been given the plaintiff could have located or determined the proximity of the train to the crossing and continued his course and passed over the tracks before the train reached the crossing; and under some of the phases of the evidence, it was also a question for the jury as to whether the plaintiff's failure to stop the automobile before it reached the railroad track proximately contributed to the injury. The affirmative charge was properly refused. Charge 4 was also properly refused for pretermitting the inquiry as to whether plaintiff's failure to stop proximately contributed to the injury. C. of Ga. Ry. Co. v. Hyatt, supra; A. C. L. R. R. Co. v. Jones, supra.

[14] There was evidence in the case which, if believed, authorized the conclusion reached by the jury in their verdict, and the motion for a new trial was properly overruled. Southern Ry. Co. v. Kirsch, 150 Ala. 659, 43 South. 796. We find no reversible error in the record, and the judgment is affirmed.

Affirmed.

### On Rehearing.

The conditions at the crossing where the collision between the defendant's locomotive and the plaintiff's automobile took place are peculiar and unusual. The defendant maintained its depot for receiving and discharging passengers and freight in a deep cut, through which the defendant's trains approached the road crossing, and the public road approached the defendant's track through a like cut. The embankments of these cuts obscured the view of the highway from the trainmen on one hand and the traveler's view of the tracks on the other, forming a trap, or blind, through which the traveler on the highway, unless the trainmen in charge of and operating trains over such crossings exercised a high degree of care, was, in effect, invited to his destruction. Can it be declared as a matter of law that to operate a train over such crossings at such a rate of speed that it is impossible to avoid collision with a traveler in the exercise of his right to use such crossing is not negligence? The authorities cited by appellant do not so hold. They relate to ordinary road crossings, where the view of the trainmen and the traveler are not so obstructed and they have no application to the facts in this case.

On the principle announced in E. T., V. & G. R. R. Co. v. Deaver, 79 Ala. 221, under the evidence in this case, the question of negligence was one for the jury.

There is no evidence in this case that plaintiff made any effort to cross the tracks after discovering the train, but the evidence is to the contrary—that he undertook to stop the automobile, and in his efforts to stop it lost control of it, and it rolled upon the defendant's track. Under this evidence, there is no room for the application of the doctrine declared in Weaver v. A. G. S. R. R. Co., 200 Ala. 432, 76 South. 366, and M. & C. R. R. Co. v. Martin, 117 Ala. 367, 23 South. 231:

"That one who discovers the imminent approach of a train moving at a dangerous rate of speed, and, measuring the distance to the crossing, attempts to beat the passage of the train and fails to his hurt, cannot recover for previous simple negligence of the railroad company."

[15] The defendant's plea of contributory negligence avers "that the plaintiff did not stop, and look, and listen, before going upon, or attempting to cross, said tracks," and imposed on the defendant the burden of showing that the plaintiff voluntarily drove the car upon the railroad track or attempted to cross the track. Some of the evidence at least tends to show that the plaintiff made no such attempt, but that in his efforts to stop the automobile lost control of it and it rolled upon the track.

It cannot be doubted that when the driver of an automobile loses control of his machine that it is likely to become as dangerous as when the driver of a team loses control of such team, and makes applicable the exception to the general rule adverted to in Atlantic Coast Line Railroad Co. v. Jones, quoted in the original opinion.

Application overruled.