(103 So. 555)

### BEVIS v. GAY. (7 Div. 554.)

(Supreme Court of Alabama. March 26, 1925.)

1. Bankruptcy ⊂=436(1)—Burden on plaintiff to show that defendant's bankruptcy did not operate on claim, where defendant has made prima facie defense.

After a bankrupt has made out a prima facie defense to a suit based on an obligation existing at time of filing a petition in bankruptcy, by introducing order of discharge in bankruptcy which is presumed to cover all his debts, burden is then on plaintiff to show that discharge is not operative as to his claim.

2. Bankruptcy ⊂=435—Defendant setting up defense of discharge in bankruptcy held not required to allege that plaintiff had notice thereof or that claim in question was listed.

In action on note in which defendant set up plea of discharge in bankruptcy and made out prima facie defense by introducing order of discharge in bankruptcy, defendant did not have to aver that plaintiff had notice of bankruptcy proceedings or that claim in question was listed, as it was matter to be set up by way of replication.

3. Appeal and error ⊂=232(1½)—Demurrer to special plea not sustained on grounds not specified in demurrer.

Under Code 1923, § 9479, plaintiff's demurrer to defendant's plea will not be sustained on grounds not specified in demurrer.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

---

Action on note by S. J. Gay against J. E. Bevis. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Defendant's plea 1 is as follows:

"That after the note the foundation of this suit was given, and before the filing of this suit the defendant filed a petition in bankruptcy, and he was adjudged a bankrupt, and was finally discharged."

To this plea plaintiff demurred upon the ground that it fails to allege plaintiff was listed as a creditor of the bankrupt, and that it fails to allege plaintiff had actual or constructive notice of said petition in bankruptcy.

R. G. Rowland, of Ashland, for appellant.

Plea 1 is sufficient, and demurrer thereto should have been overruled. Roden Gro. Co. v. Leslie, 169 Ala. 579, 53 So. 815.

E. P. Gay, of Ashland, for appellee.

Brief of counsel did not reach the reporter.

ANDERSON, C. J. [1, 2] The decided weight of the authority is to the effect that, after a bankrupt has made out a prima facie defense to a suit based upon an obligation existing at the time of filling out the petition in bankruptcy by the introduction in evidence of the order of discharge in bankruptcy which is presumed to cover all his debts, the burden is then, not upon the defendant, but is cast upon the plaintiff of showing that such discharge is not operative as to his claim. Smith v. Hill, 232 Mass. 188, 122 N. E. 310, 2 A. L. R. 1667, and note, page 1672. This being the rule, the defendant's special plea 1 did not have to aver that the plaintiff had notice of the bankruptcy proceedings or that the claim in question was listed, as this was matter to be set up by way of replication. B. F. Roden Co. v. Leslie, 169 Ala. 579, 53 So. 815; Chewning v. Knight, 16 Ala. App. 357, 77 So. 969.

[3] The trial court erred in sustaining the demurrer upon the grounds as interposed. The plea should have set up the court in which the defendant obtained his discharge in bankruptcy, but no ground of demurrer tested this point, and this omission did not justify sustaining the demurrer on grounds not pertinent to this defect. Section 9479, Code of 1923.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SAYRE, GARDNER, and MILLER, JJ., concur.