(113 So. 16)

## THOMAS E. NIX & SON v. CHOATE.
### (8 Div. 948.)

Supreme Court of Alabama.   May 12, 1927.

1. **Bankruptcy ⎆434—Action may be maintained on original cause of action or on new promise after bankruptcy.**

An action may be maintained on original note or other cause of action or upon new promise after bankruptcy.

2. **Bankruptcy ⎆435—Plea of discharge in bankruptcy, in action brought on original cause of action, need not set up that debt was scheduled.**

In case action is brought on original cause of action after bankruptcy, plea of discharge in bankruptcy need not set up that debt giving rise to such cause of action was scheduled.

3. **Bankruptcy ⎆435—Exception of original cause of action from effects of discharge in bankruptcy must be set up by replication, if not shown in complaint.**

In case action is brought on original cause of action after discharge in bankruptcy, exception from effects of discharge, if not shown on face of complaint, must be set up by replication.

4. **Judgment ⎆949(7) — Defendant's plea of res judicata, though defective in not showing judgment was on merits, held sufficient in absence of demurrer.**

Defendant's plea in action on notes to effect that matter had been theretofore adjudicated between identical parties, though defective in failing to sufficiently set out issues presented so as to show that judgment was on merits, *held* sufficient in that no apt ground of demurrer called court's attention to such defect.

5. **Judgment ⎆562 — Though judgment for plaintiff in ordinary law action imports finding on merits, judgment may go for defendant on other grounds.**

A judgment for plaintiff in an ordinary action at law imports a finding on the merits, adjudicates a liability, but a judgment may go for defendant on many grounds without coming to an issue on the merits.

6. **Judgment ⎆954—Original complaint in former suit set up as res judicata and minute entry of judgment held admissible (Code 1923, § 7719, subd. 6).**

Where defendant in action on notes set up plea of res judicata, the original complaint in former suit with official indorsements thereon and original minute entry of judgment were admissible, under Code 1923, § 7719, subd. 6, the same as certified copies thereof.

7. **Judgment ⎆585(2)—Judgment in former suit for defendant on plea of discharge in bankruptcy held bar to subsequent suit on notes, in absence of new promise.**

Where judgment in former suit, introduced under defendant's plea of res judicata in action on notes, went for defendant on his plea of discharge in bankruptcy, it was conclusive, in connection with proof of identity of parties and cause of action, that discharge was effective, and in absence of a new promise thereafter was a complete bar to suit.

8. **Bankruptcy ⎆435—New promise by defendant must be set up by replication in suit on original cause of action after plea of discharge in bankruptcy.**

Where suit on notes was on original cause of action, a new promise by defendant must be set up by replication after plea of discharge in bankruptcy.

---

⎆For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**9. Bankruptcy ⊗=435—Replication setting up new promise after discharge in bankruptcy was limited to defendant's plea to that effect.**

Replication in action on notes, after defendant's discharge in bankruptcy setting up new promise thereafter, was limited to defendant's plea of discharge in bankruptcy.

**10. Witnesses ⊗=414(1)—Defendant's declarations relative to paying debt after discharge in bankruptcy held admissible, where there was conflict relative thereto.**

Where there was a direct conflict between parties as to whether defendant had made a new promise after his discharge in bankruptcy to pay debt represented by notes sued on, declarations of defendant to third person to effect that he intended to pay debt *held* admissible not as a new promise, but as corroborative of plaintiff's evidence thereof in that it would be a circumstance tending to indicate sense of obligation to pay after discharge.

**11. Witnesses ⊗=236(1)—Questioning witness whether defendant claiming discharge in bankruptcy ever told witness he was going to pay held too general.**

In action on notes after defendant's discharge in bankruptcy, wherein there was conflict between parties as to whether defendant had made a new promise after discharge, questioning witness as to whether defendant ever told witness that he was going to pay *held* too general as not limited to any time after bankruptcy.

Appeal from Law and Equity Court, Franklin County; B. H. Sargent, Judge.

Action on promissory notes by Thomas E. Nix and T. M. Nix, doing business as Thomas E. Nix & Son, against G. M. Choate. From a judgment for defendant, plaintiffs appeal. Transferred from Court of Appeals, under Code 1923, § 7326. Affirmed.

Plea C is as follows:

"C. For further answer to the complaint, and to each and every count of the complaint separately and severally, the defendant says that the matters and things alleged in the complaint have been heretofore adjudicated between the identical parties to this suit in this: That on or about the 9th day of November, 1921, the plaintiffs to this suit commenced a suit against the defendant in the circuit court of Franklin county, Ala., by filing a complaint against G. M. Choate as defendant. The defendant avers that the two notes which are the foundation of this suit were the foundation of the said suit in the circuit court of Franklin county, Ala., and that the two said notes described in the complaint in this case are the same two notes described in the complaint in the said suit in the circuit court of Franklin county, Ala. And the defendant avers that in the trial of said suit in the circuit court of Franklin county, Ala., the said circuit court rendered a judgment in favor of the defendant, G. M. Choate. Therefore the defendant says that the matters and things involved in said case in the circuit court of Franklin county, Ala., are the same involved in this case, and the same have already been lit-

igated between the identical parties to this suit, and the said judgment in the circuit court of Franklin county, Ala., is a complete bar to the action filed in this case."

These grounds of demurrer were interposed by plaintiffs to plea C:

"(1) Because said plea does not show that a valid judgment was rendered on the notes or debt here sued on.

"(2) Because said plea does not set up said judgment in bar of this action.

"(3) Because said plea does not show when said judgment was rendered.

"(4) Because said plea does not show that the judgment therein attempted to be set up was rendered after the adjudication in bankruptcy."

Jas. L. Orman and H. D. Jones, both of Russellville, for appellant.

Plea C is not sufficient as one of res adjudicata. Glasser v. Meyrovitz, 119 Ala. 152, 24 So. 514. Plaintiffs should have been allowed to offer statements made by defendant to third persons, to the effect that he intended to pay the notes sued on as corroborating plaintiffs' evidence of a new promise to pay. 7 C. J. 412; Torry v. Krauss, 149 Ala. 200, 43 So. 184. The new promise may be made before as well as after discharge. Griel v. Solomon, 82 Ala. 85, 2 So. 322, 60 Am. Rep. 733. The original papers in the former suit were not admissible in evidence. 22 C. J. 800; Spence v. Tuggle, 10 Ala. 538; Sandlin v. Anderson, 76 Ala. 403. Only a final judgment as to same parties, same subject-matter, and on the merits of the controversy can be res adjudicata. McCall v. Jones, 72 Ala. 371; 7 C. J. 412.

Stell & Quillin, of Russellville, for appellee.

Plea C met all the requirements, and was not demurrable. House v. Donnelly, 7 Ala. App. 267, 61 So. 18; Drinkard v. Oden, 150 Ala. 475, 43 So. 578; Robinson v. Windham, 9 Port. 397; Evans v. McMahan, 1 Ala. 45. When the promise to pay the debt is made the promisee must be present to accept the promise to pay after bankruptcy. 7 C. J. 413; Smith v. Stanchfield, 84 Minn. 343, 87 N. W. 917; Int. Harvester Co. v. Lyman, 90 Minn. 275, 96 N. W. 87. The original papers in the former case were admissible. Stevenson v. Moody, 85 Ala. 33, 4 So. 595; Huckabee v. Shepherd, 75 Ala. 342; Cary v. State, 76 Ala. 78. After showing discharge in bankruptcy, the burden was on plaintiff to prove a new promise subsequent to his bankruptcy. Bevis v. Gay, 212 Ala. 525, 103 So. 555; Lauderdale v. Granger, 20 Ala. App. 356, 102 So. 148. No replication was filed to plea C, and, plaintiff having joined issue on the plea, proof of the plea made out a complete defense. Clark v. Whitfield, 213 Ala. 441, 105 So. 200. Judgment in the former

action was a bar to the present cause. Crowson v. Cody, 215 Ala. 150, 110 So. 46.

BOULDIN, J. The suit is on two promissory notes by the payee against the maker.

The cause was tried on plea of discharge in bankruptcy, replication thereto setting up a new promise, and plea of res adjudicata. The court, sitting as a jury, rendered judgment for the defendant.

[1-3] An action may be maintained upon the original notes or other cause of action, or upon the new promise after bankruptcy. If brought on the original cause of action, a plea of discharge in bankruptcy need not set up that the debt was scheduled. Exceptions from the effects of a discharge, if not shown on the face of the complaint, must be set up by replication. B. F. Roden Groc. Co. v. Leslie, 169 Ala. 579, 53 So. 815.

[4, 5] Plea C, res adjudicata, sufficiently alleges a former suit by the same plaintiff against the same defendant, on the same notes here sued upon in a court of competent jurisdiction, and judgment for the defendant. It is defective in failing to sufficiently set out the issues presented by plea in legal effect so as to show the judgment was upon the merits. A judgment for the plaintiff in an ordinary action at law imports a finding on the merits, adjudicates a liability, but a judgment may go for the defendant on many grounds without coming to an issue on the merits. The plea avers in general terms the same matters have "been heretofore adjudicated," etc. But it should have set forth the issues as appearing from the pleadings or judgment, at least, in legal effect. Jones v. Russell, 206 Ala. 215, 89 So. 660; Quinn v. Pratt Con. Coal Co., 177 Ala. 434, 59 So. 49. However, no apt ground of demurrer called the court's attention to such defect, and the grounds assigned were overruled without error.

[6] The original complaint in the former suit, with official indorsements thereon, and the original minute entry of the judgment were admissible the same as certified copies thereof. Code of 1923, § 7719, subd. 6.

[7] The judgment disclosed on its face that it went for the defendant on his plea of discharge in bankruptcy. In connection with proof of identity of parties and cause of action, it was conclusive that the discharge was effective to and including that date, January 16, 1923. In the absence of a new promise thereafter, it was a complete bar to the suit.

[8, 9] The suit being on the original cause of action, a new promise must be set up by replication. Torry v. Krauss, 149 Ala. 200, 202, 43 So. 184. The replication, setting up a new promise, was limited to plea B, a plea of discharge in bankruptcy. The evidence was addressed to and the decision rendered probably on the evidence under this issue.

[10] Where, as here, there was direct conflict between the parties as to whether defendant had made a new promise after his discharge in bankruptcy, declarations of the defendant to a third person, to the effect that he intended to pay the debt, would be a circumstance tending to indicate a sense of obligation to pay after discharge, and admissible not as a new promise, but corroborative of plaintiff's evidence that he did make a new promise.

[11] But the question to witness I. T. Jackson, "Did he ever tell you he was going to pay?" was too general, not limited to any time after bankruptcy. The same witness, referring to a special conversation, did testify that defendant told him he intended to pay Nix this debt, and objection was overruled.

Affirmed.

SAYRE, GARDNER, and BROWN, JJ., concur.