196 So. 751

### KELLY v. DIRAGO.

### 8 Div. 988.

Court of Appeals of Alabama.

June 11, 1940.

R. L. Polk, of Sheffield, for appellant.

F. E. Throckmorton, of Tuscumbia, for appellee.

BRICKEN, Presiding Judge.

This case involves a suit in assumpsit first brought before D. O. Matthews, a justice of the peace in and for Colbert County, Alabama, and after a judgment in favor of the plaintiff was rendered by said justice of the peace, and after a writ of garnishment had issued out of said justice court, said case was removed into the circuit court of Colbert County, upon a writ of certiorari and supersedeas issued out of said circuit court upon the petition of R. R. Kelly, the defendant in said justice court.

The case was tried de novo in the circuit court upon a substituted copy of the complaint filed in the justice court, above mentioned, to which Kelly, the defendant, interposed a duly verified plea in abatement, setting up that prior to the bringing of said suit said Kelly had been adjudicated a bankrupt and had been duly and legally discharged from all his debts and claims, which existed on the 12th day of October 1931, the day of the filing of his petition in bankruptcy, by the United States District Court for the Northeastern Division of the North-ern District of Alabama. Other and additional pleas were also filed by defendant to said action, which need not be considered by this court in view of its judgment hereinafter pronounced with respect to defendant's plea of his having been adjudicated a bankrupt and having been adjudged discharged from all debts and claims provable against him, which existed on the 12th day of October 1931.

Upon the trial of the case in the court below, the trial judge, sitting without a jury, rendered a judgment in favor of plaintiff, for the sum of one hundred dollars, together with the court costs which had accrued in said cause. This judgment was pronounced and entered on the 12th day of June, 1939, by the trial court, and on the 3rd day of July, the defendant filed his motion for a new trial in the court below, which was overruled and denied on the 3rd day of August 1939, and from the final judgment of the court, and from its judgment on defendant's motion for a new trial, the defendant brings his appeal to this court.

The complaint filed in the court below was founded upon a promissory note signed by R. R. Kelly, appellant, and payable to F. Dirago on January 23, 1931, for the sum of seventy-five dollars, with interest. Said note contained a clause waiving exemptions as to personal property and was dated December 23, 1930.

To the above complaint the defendant filed his plea of adjudication and discharge in bankruptcy. No replication was filed by plaintiff to defendant's said plea.

In support of the allegations of his complaint the plaintiff introduced in evidence the note sued on and testified, among other things, that he did not recall that he ever got any notice from the bankrupt court about him (meaning R. R. Kelly, the defendant).

The plaintiff also introduced testimony tending to show that $25 would be a reasonable attorney's fee for the collection of the above described note.

The above and foregoing was all of the testimony offered by plaintiff in support of his complaint and the allegations thereof.

The defendant, Kelly, offered in evidence a copy of a judgment of the Referee in Bankruptcy of the District Court of the United States for the Northeastern Division of the Northern District of Alabama, dated October 13, 1931, whereby the said R. R. Kelly was declared and adjudged a bankrupt.

■ The defendant also offered in' evidence, without any objection thereto, a certified copy of his judgment of discharge in bankruptcy and which in part specifically recited: "It is therefore ordered by the court that said R. R. Kelly be discharged from all debts and claims which are made provable by said Acts against his estate, and which existed on the 12th day of October, A. D. 1931, on which day the petition for adjudication was filed by him; excepting such debts as are by law excepted from the operation of a discharge in bankruptcy." Said judgment of discharge in bankruptcy was dated December 7, 1932, and of course was applicable to the promissory note given by Kelly to Dirago on December 23, 1930, and payable on January 23, 1931, the basis of this suit, and was pleadable as a defense thereto.

■■ A plea of adjudication and discharge in bankruptcy need not aver notice to creditors, and it is also unnecessary to aver that a specified creditor was scheduled as such. *Any exceptions* from the effect of a discharge in bankruptcy must be set up by replication. Thomas E. Nix & Son v. Choate, 216 Ala. 189, 113 So. 16; Bevis v. Gay, 212 Ala. 525, 103 So. 555; B. F. Roden Gro. Co. v. Leslie, 169 Ala. 579, 53 So. 815.

■ The defendant's plea of adjudication and discharge in bankruptcy was a legal defense to plaintiff's suit against the defendant in the court below. The defendant's evidence, upon the trial of the case, in the court below, proved the plea. This evidence was not contradicted or denied. Upon this plea the trial court should have rendered a judgment in favor ·of the defendant instead of against him, as was done.

The defendant filed his motion for a new trial within the time allowed by law, after the judgment therein pronounced in favor of plaintiff and against the defendant. This motion alleged first, that the great weight of the evidence was contrary to the judgment of the trial court, and, second, that the judgment of the trial court was contrary to the law of the case. Said motion for a new trial was overruled and denied by the trial court, and in so doing the court committed error for which the judgment appealed from must be reversed. This court is of the opinion, and it is the judgment of the court that the motion for a new trial should have been promptly granted by the trial court.

■ It is apparent from this record and from the evidence adduced upon the trial, that the remandment of the case to the court below for another trial could serve no good purpose, and it appearing to. this court that the defendant's .plea of adjudication and discharge in bankruptcy was and is a legal defense to plaintiff's action, and that the legal effect of said adjudication and discharge in bankruptcy are binding upon the courts of Alabama in this respect and with regard ·to plaintiff's debt, or claim, against the defendant; it is, therefore, hereby ordered and adjudged .by this court that a judgment here in favor of defendant be pronounced and entered upon plaintiff's complaint and defendant's plea of adjudication and discharge in bankruptcy thereto, and that the plaintiff be and he is hereby adjudged to pay all of the costs which have accrued in this cause, both in the court below and in this court, for which let execution issue.

Reversed and rendered.